JOHN P. CURRY *v.* ALLAN S. GOODMAN, INC.
(AC 26404)

Flynn, C. J., and Bishop and Berdon, Js.

Argued February 9—officially released April 25, 2006

*Richard E. Hayber*, for the appellant (plaintiff).

*Glenn A. Duhl*, with whom was *A. Isabel DeMoura*, for the appellee (defendant).

*Nancy B. Alisberg, Charles Krich* and *Alix Simonetti* filed a brief for the office of protection and advocacy for persons with disabilities and the commission on human rights and opportunities as amicus curiae.

*Opinion*

BISHOP, J. The plaintiff, John P. Curry, appeals from the summary judgment rendered in favor of the defendant, Allan S. Goodman, Inc. The plaintiff's claim that the court improperly granted the defendant's motion for summary judgment is premised on the following assertions: (1) the court granted the defendant's motion without reviewing evidence submitted by the plaintiff; (2) the court incorrectly determined that there were no genuine issues of material fact; and (3) the court abused its discretion by denying the plaintiff's motion to reargue in which he alleged that he had been denied the opportunity to present oral argument in opposition to

the motion for summary judgment. The issue presented by this appeal is whether this court should affirm a judgment of the trial court that was likely caused by counsel's incorrect pleading practice or to reverse the court's judgment because, through no evident fault of the court, the confusion caused by counsel's actions effectively deprived a party of the right to oral argument. Reluctantly, we reverse the judgment of the trial court.

The following factual and procedural history is relevant to our discussion of the issue presented on appeal.[1] On June 18, 2002, the plaintiff, a former employee of the defendant, filed a six count complaint against the defendant in the Superior Court.[2] The action subsequently was removed to the United States District Court for the District of Connecticut, where the court, Dorsey, J., granted the defendant's motion for summary judgment as to all counts. After reconsideration, the District Court vacated its judgment regarding the counts that set forth state causes of action and remanded those counts to the Superior Court. Thereafter, the defendant filed a motion for summary judgment, on July 9, 2004, as to all remaining counts. At the bottom of the pleading titled "Motion for Summary Judgment," the defendant noted its request for oral argument.[3]

[1] Although the record reveals an extensive factual and procedural history in both federal and state courts, we recite only those facts and history necessary to illuminate the issue on appeal.

[2] In his complaint, the plaintiff made the following claims regarding the defendant: (1) disparate treatment on account of physical disability in violation of General Statutes § 46a-60 (a) (1), (2) failure to accommodate in violation of § 46a-60, (3) retaliatory discrimination for opposition to discriminatory treatment in violation of § 46a-60 (a) (4), (4) disparate treatment on account of physical disability in violation of the Americans with Disabilities Act (act), 42 U.S.C. § 12111 et seq., (5) failure to accommodate his disability in violation of the act, 42 U.S.C. § 12111 et seq., and (6) retaliatory discrimination for opposing discriminatory treatment in violation the act, 42 U.S.C. § 12111 et seq.

[3] That notation was in accord with the requirements of Practice Book § 11-18.

When the motion for summary judgment appeared on the court's short calendar for August 2, 2004, both parties agreed to allow the motion to go off the calendar and to be reclaimed at a later date in order for the plaintiff's counsel to have an opportunity to respond to the motion.

On August 2, 2004, the plaintiff filed a pleading titled, "Plaintiff's Preliminary Opposition to Defendant's Motion for Summary Judgment." In this pleading, counsel for the plaintiff stated: "This Memorandum is preliminary in nature because it seeks a ruling from this court that Defendant's Motion should be denied because it has been denied already by Judge Peter Dorsey of the United States District Court for the District of Connecticut and should not have been refiled in this court. Plaintiff reserves the right to respond to the substantive allegations of Defendant's Motion at a later time if it becomes necessary." Thus, the plaintiff's objection did not address the merits of the defendant's motion for summary judgment nor did the plaintiff file any substantive materials in opposition to the motion.[4] On August 16, 2004, the defendant filed a reply to the plaintiff's procedural objection to the motion for summary judgment. Although neither the plaintiff nor the defendant requested oral argument on the plaintiff's procedural

[4] We note that our rules of practice do not entitle a party responding to a motion for summary judgment to limit his or her response to procedural matters, reserving the right to file a substantive response at a later date. Although we do not condone the filing of such a pleading in this case, it is evident from the record that both parties anticipated that the court would, in fact, respond as requested by the plaintiff and that the court would give them an opportunity for oral argument before addressing the defendant's motion for summary judgment on the merits. Under these unusual circumstances, we believe it better serves the ends of justice to give the parties the opportunity they anticipated even though the lack of oral argument was, in large part, due to the unwarranted procedure undertaken by the plaintiff's counsel. Indeed, if there was good reason for counsel to seek to bifurcate the issues in order to address his procedural claim first, he could have filed a pleading seeking the court's approbation for a two step process.

objection to the motion, both parties expected the court to give them an opportunity for oral argument on the merits of the motion for summary judgment in the event that the court overruled the plaintiff's objection because the defendant originally had requested oral argument on its motion for summary judgment.

On August 30, 2004, the plaintiff's objection to the motion for summary judgment appeared on the short calendar and was marked ready for adjudication without oral argument. After six weeks passed with no response from the court to the plaintiff's preliminary objection to the defendant's motion for summary judgment, the defendant, on October 7, 2004, reclaimed its motion for summary judgment. On the reclaim slip, the defendant indicated a request for oral argument. On November 17, 2004, the defendant again reclaimed its motion, this time requesting oral argument on its motion for summary judgment, the plaintiff's preliminary objection to it and the defendant's reply to the plaintiff's objection. Nevertheless, on November 18, 2004, the court issued a memorandum of decision granting the defendant's motion for summary judgment, without hearing oral argument on the motion. The memorandum of decision addressed both the plaintiff's procedural objection and the merits of the defendant's motion for summary judgment. The plaintiff filed a motion to reargue,[5] but it was denied. This appeal followed.

On appeal, the plaintiff claims that the court abused its discretion by adjudicating the defendant's motion for summary judgment without oral argument. We agree.

[5] In his motion to reargue, the plaintiff claimed that (1) the defendant had requested oral argument in conjunction with the filing of its motion for summary judgment, and the motion for summary judgment had not been marked ready for adjudication without oral argument, (2) the motion for summary judgment was not argued and (3) the plaintiff was not given the opportunity to file substantive papers in opposition to the motion.

Practice Book § 11-18 (a) provides in relevant part: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike [and] motions for summary judgment . . . . For those motions, oral argument shall be a matter of right, provided: (1) the motion has been marked ready for adjudication . . . and (2) the movant indicates at the bottom of the first page of the motion or on a reclaim slip that oral argument or testimony is desired . . . ." Thus, even though Practice Book § 11-18 "grants . . . oral argument as of right, it is not automatic but must be claimed for argument as provided in [Practice Book (1999) § 11-18]." (Internal quotation marks omitted.) *Davis* v. *Westport*, 61 Conn. App. 834, 840, 767 A.2d 1237 (2001).

Practice Book § 11-18 further provides in relevant part: "(b) As to any motion for which oral argument is of right . . . the date for argument or testimony shall be set by the judge to whom the motion is assigned. (c) If a case has been designated for argument as of right or by the judicial authority but a date for argument or testimony has not been set within thirty days of the date the motion was marked ready, the movant may reclaim the motion. (d) Failure to appear and present argument on the date set by the judicial authority shall constitute a waiver of the right to argue unless the judicial authority orders otherwise. . . ."

We conclude that, in this instance, the parties had a right to oral argument on the motion for summary judgment. As noted, Practice Book § 11-18 (a) provides in relevant part that "oral argument shall be a matter of right, provided: (1) the motion has been marked ready for adjudication . . . and (2) the movant indicates at the bottom of the first page of the motion or on a reclaim slip that oral argument or testimony is desired . . . ." Here, the defendant requested oral argument on its motion for summary judgment and, although the matter

initially had appeared on the short calendar, both counsel initially agreed that the matter should be marked "off," and it was only later reclaimed for oral argument when the court did not respond to the plaintiff's preliminary objection to the motion. Additionally, once the matter had been reclaimed by the defendant for oral argument on October 7 and again on November 17, 2004, it does not appear that either party actually marked the matter ready for adjudication on either date. Although it was not the responsibility of the court to schedule a hearing on the defendant's motion absent the filing of a request for adjudication, in this instance we believe that the court either should have notified counsel that it did not intend to respond in piecemeal fashion to counsel's preliminary objection or taken no action on the motion for summary judgment until such time as the parties, in fact, marked the motion for summary judgment ready for adjudication. Although the court's action likely was induced by counsel, its effect was to deny the parties their right to oral argument on the defendant's motion for summary judgment.

From our review of the record, as well as the comments made by counsel during oral argument before this court, it is clear that both parties anticipated oral argument on the defendant's motion and were of the impression that they would be afforded an opportunity to present oral argument on the motion for summary judgment. Additionally, it is clear that the plaintiff, even if due to his error, believed that he would have had a further opportunity to present materials in opposition to the defendant's motion should the court have overruled his preliminary objections. Although we do not condone the conduct of counsel in unilaterally attempting to bifurcate the court's response to the defendant's motion, because it is clear that the defendant complied with the requirements of Practice Book § 11-18 to assert the right of the parties to oral argument,

the matter should not have been adjudicated without oral argument.

The judgment is reversed and the case is remanded for a hearing on the motion for summary judgment.

In this opinion the other judges concurred.