IN RE XAVIER D.*
(AC 29991)

Gruendel, Beach and Peters, Js.

Argued February 6—officially released March 31, 2009

* In accordance with the spirit and intent of General Statutes § 46b-142
(b) and Practice Book § 79-3, the names of the parties involved in this appeal
are not disclosed. The records and papers of this case shall be open for
inspection only to persons having a proper interest therein and upon order
of the Appellate Court.

*Jonathan D. Chomick,* for the appellant (respondent mother).

*John E. Tucker,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Susan T. Pearlman* and *Jeanette A. A. Johnson,* assistant attorneys general, for the appellee (petitioner).

*Marcia McCormack,* for the minor child.

*Opinion*

PETERS, J. This appeal from the termination of parental rights does not challenge the merits of the adjudication of the mother's capacity to care for her child. The issue instead is whether the doctrine of res judicata precluded further proceedings on the termination petition by any trial court after another trial court had granted the mother's motion for dismissal of the

petition. A well established exception to the doctrine of res judicata provides, however, that "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . This principle has been frequently applied to an earlier ruling during the pleading stage of a case such as that upon the motion to strike . . . ." (Citation omitted; internal quotation marks omitted.) *Breen* v. *Phelps*, 186 Conn. 86, 98, 439 A.2d 1066 (1982); see also *Signore* v. *Signore*, 110 Conn. App. 126, 133, 954 A.2d 245 (2008) (discussing law of the case doctrine). Because we are persuaded that *Breen* governs this case, we affirm the judgment of the trial court.

On May 9, 2007, the petitioner, the commissioner of children and families, filed two petitions against the respondent mother with respect to her son, Xavier D. Following up on an earlier order of temporary custody, the commissioner charged the respondent mother with neglect and sought to terminate her parental rights.[1] The respondent moved to strike the neglect petition and to dismiss the termination petition because they were based on a charge of physical abuse of the child that was not supported by the petitioner's specific allegations of parental misconduct. Acknowledging her error, the petitioner moved to correct the neglect petition, alleging that, as a result of a clerical oversight, she had mistakenly checked the box on the pleading form charging the respondent with physical abuse rather than the boxes charging that the child had been denied proper care and had been permitted to live under conditions, circumstances or associations injurious to his well-being. On July 19, 2007, the court, *Hon. William*

---

[1] Although the termination petition also cited the child's father, he did not appear for trial and was defaulted. The mother is the only respondent for the purposes of this appeal.

*L. Wollenberg*, judge trial referee, denied the petitioner's motion for a technical correction, granted the respondent's motion to strike the neglect petition and entered an order of temporary custody for the protection of the child. Without further discussion, it granted the respondent's motion to dismiss the termination petition.[2] The court's dismissal of the termination petition is the sole basis for the respondent's claim that the termination of her parental rights should be reversed. We disagree with the respondent.

It is undisputed that orders entered by Judge Wollenberg did not end the judicial proceedings with respect to Xavier. On July 27, 2007, the court, *Dannehy, J.*, relying on the absence of a full hearing on the merits of the termination petition before Judge Wollenberg, set the dismissal aside and reinstated the petition.[3] On May 13, 2008, after a full evidentiary hearing on the termination petition, the court, *Graziani, J.*, found, by clear and convincing evidence, that it would be in the best interest of Xavier to terminate the respondent's parental rights and further found, by a fair preponderance of the evidence, that it was in the best interest of Xavier to be committed to the custody of the petitioner.

The sole focus of the present appeal is the respondent's claim that Judge Dannehy improperly reinstated the termination petition. If that appeal were to succeed, the further proceedings before Judge Graziani would, of course, also have to be set aside. The respondent has not, however, challenged the sufficiency of the evidence for the substantive findings made by Judge Graziani in

---

[2] The record is not clear whether Judge Wollenberg actually dismissed the petition or whether he granted a motion to strike the petition. Giving the respondent the benefit of the doubt, we will consider the order to have been a dismissal.

[3] Judge Dannehy also vacated Judge Wollenberg's dismissal of the order of temporary custody and reinstated it.

terminating her parental rights. The narrow issue before us, therefore, is whether Judge Dannehy had the authority to set aside the dismissal of the termination petition by Judge Wollenberg. The applicability of the doctrines of res judicata or collateral estoppel presents a question of law, over which our review is plenary. *Testa* v. *Geressy*, 286 Conn. 291, 306, 943 A.2d 1075 (2008).

The crux of the respondent's argument is that a trial court may vacate a prior ruling by another trial judge only if the prior ruling was interlocutory. In the respondent's view, Judge Wollenberg's dismissal of the termination petition was not an interlocutory order for two reasons. The order of dismissal ended the termination of parental rights proceedings, and it was immediately appealable.

Judge Dannehy rejected the respondent's argument because it failed to distinguish between a dismissal on procedural grounds and a dismissal on the merits. We agree that this distinction is dispositive. Our Supreme Court repeatedly has held that "[a]pplication of the doctrine of res judicata requires that there be a previous judgment on the merits." (Internal quotation marks omitted.) *Listenes* v. *Listenes*, 102 Conn. App. 642, 649, 925 A.2d 1249 (2007), citing *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988); see also *In re Juvenile Appeal (83-DE)*, 190 Conn. 310, 313–15, 460 A.2d 1277 (1983).

In this case, it is undisputed that the only basis for Judge Wollenberg's dismissal of the termination petition was his decision to strike the neglect petition. It is equally undisputed that *that* decision was based entirely on procedural grounds. Judge Wollenberg granted the motion to strike without holding an evidentiary hearing and without making findings of fact. There may well be close cases on whether a court has rendered a judgment on the merits, but this is not one of them.

In sum, we affirm the judgment terminating the respondent's parental rights to her son, Xavier. The procedural ground on which the respondent relies to overturn that judgment cannot be sustained. We note, once more, that the respondent has not challenged in any respect the fairness of the proceedings that led to the findings that she had neglected her child and had failed to achieve a sufficient degree of personal rehabilitation within the meaning of General Statutes § 17a-112 (j) (3) (E).[4]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] General Statutes § 17a-112 (j) provides in relevant part: "The Superior Court . . . may grant a petition filed pursuant to this section if it finds by clear and convincing evidence that . . . (3) . . . (E) the parent of a child under the age of seven years who is neglected or uncared for, has failed, is unable or is unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ."