SIRIWAT SINGHAVIROJ *v.* BOARD OF EDUCATION
OF THE TOWN OF FAIRFIELD ET AL.
(AC 30626)

DiPentima, C. J., and Gruendel and Hennessy, Js.

Argued May 24—officially released October 5, 2010

*Michael J. Rose*, with whom, on the brief, was *Johanna G. Zelman*, for the appellants (defendants).

*John T. Bochanis*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. In this most unusual of summary judgment cases, the defendants, the town of Fairfield (town), the board of education of the town of Fairfield (board) and certain employees thereof,[1] appeal from the judgment of the trial court denying their motions for a continuance of trial and summary judgment against the plaintiff, Siriwat Singhaviroj. The defendants claim that the court (1) improperly denied their motions for summary judgment without determining whether a genuine issue of material fact existed with respect to

---

[1] The plaintiff, Siriwat Singhaviroj, named as defendants the town and its board of education. He also named as defendants the following employees of the board: Margaret Mary Fitzgerald, the assistant superintendent of human resources, Howard Zwickler, the business administrator, Nancy Nash, the manager of the information technology department and Donna Quirk, the senior network engineer in the information technology department.

their res judicata and collateral estoppel defenses and (2) abused its discretion in declining to grant a continuance of trial. We agree with the defendants' first claim and, accordingly, reverse the judgment of the trial court.

Mindful of the procedural posture of this case, we set forth the following facts as gleaned from the pleadings, affidavits and other proof submitted, viewed in a light most favorable to the plaintiff. The plaintiff was employed by the board as a senior field engineer in the information technology department. In May, 2003, an investigation was conducted concerning certain problems and disruptions involving the board's computer network that, following a series of hearings, culminated in the plaintiff's termination from employment on April 8, 2004.

In March, 2005, the plaintiff filed an action (first action) against the town, the board, Howard Zwickler and Margaret Mary Fitzgerald alleging that he was denied equal protection and due process of law with respect to the investigation and termination proceedings. In April, 2005, the plaintiff commenced the present action for, inter alia, wrongful discharge.[2] At the defendants' request, the two actions were consolidated by the court on February 7, 2006, pursuant to Practice Book § 9-5. The defendants subsequently filed a motion to strike, which the court granted in part by memorandum of decision filed October 25, 2007. A month and a half later, the court granted the defendants' motion to strike the first action in its entirety. When the plaintiff did not replead, the court on March 10, 2008, rendered judgment in favor of the defendants on the first action.

---

[2] The plaintiff's operative complaint, filed April 5, 2007, contained twenty-two counts that included claims for wrongful discharge, libel, slander, breach of contract, promissory estoppel, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent misrepresentation and invasion of privacy by false light.

In April, 2008, with the permission of the court, the defendants moved for summary judgment, alleging, inter alia, that the plaintiff's remaining claims were barred by the doctrine of res judicata and that the plaintiff's breach of contract claim was barred by the doctrine of collateral estoppel.[3] The court heard argument on the defendants' motions for summary judgment on December 8, 2008, at which time the court noted that trial on the matter was to begin on January 15, 2009. After confirming that the presiding judge would not grant a continuance of trial, the court summarily denied the defendants' motions. It stated: "I'm going to deny the motions for summary judgment, but I'm not making any findings that there are, in fact, issues of material fact. I'm denying them because there is insufficient time. . . for the court to make that determination. . . . I'm going to deny all of the motions for summary judgment . . . without making any express findings, just that there is insufficient time to review the submissions and to do justice to all the various counts between now and the trial date." From that determination, the defendants appeal.

## I

## A

The defendants' primary contention is that the court improperly denied their motions for summary judgment without determining whether a genuine issue of material fact existed. As a threshold matter, the plaintiff argues that the lack of a final judgment deprives this court of jurisdiction to consider that contention.

"The lack of [a] final judgment . . . implicates the subject matter jurisdiction of this court. . . . If there is no final judgment, we cannot reach the merits of the

---

[3] The defendants' motions for summary judgment raised additional claims that they concede are not at issue in this appeal.

appeal." (Internal quotation marks omitted.) *Children's School, Inc.* v. *Zoning Board of Appeals*, 66 Conn. App. 615, 618, 785 A.2d 607, cert. denied, 259 Conn. 903, 789 A.2d 990 (2001). Under Connecticut law, "[t]he denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, not a final judgment for purposes of appeal." *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 785, 865 A.2d 1163 (2005). Nevertheless, in *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 544 A.2d 604 (1988), our Supreme Court held that the denial of a claim for collateral estoppel was "ripe for immediate appellate review." Id., 194. The court explained that "to postpone appellate review and to require further exhaustion of administrative remedies would defeat the very purpose that collateral estoppel is intended to serve. [T]he basic proposition . . . has always been essentially the same: A party should not be allowed to relitigate a matter that it already had opportunity to litigate. . . . [T]he defense of collateral estoppel is a civil law analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits. Like the case of a denial of a criminal defendant's colorable double jeopardy claim, where immediate appealability is well established . . . [a] judgment denying [a] claim of collateral estoppel is a final judgment." (Citations omitted; internal quotation marks omitted.) Id., 194–95; see also *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 763–64 n.1, 770 A.2d 1 (2001). That precept applies to the doctrine of res judicata with equal force. See *Cayer* v. *Komertz*, 91 Conn. App. 202, 203 n.2, 881 A.2d 368 (2005); *Milford* v. *Andresakis*, 52 Conn. App. 454, 455 n.1, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999).

In the present case, the defendants in their respective motions for summary judgment raised colorable claims

that the plaintiff's claims were barred by the doctrine of res judicata and that the plaintiff's breach of contract claim was barred by collateral estoppel. The denial thereof is an appealable final judgment.

## B

In the present case, the defendants twice filed an answer and special defenses. On January 27, 2006, the defendants pleaded nine special defenses and on December 13, 2007, they pleaded eleven special defenses in response to the plaintiff's April 5, 2007 amended complaint. The defendants did not specifically plead res judicata or collateral estoppel as an affirmative defense. Rather, they raised those defenses for the first time in their respective motions for summary judgment.

It is well established that res judicata and collateral estoppel are affirmative defenses that may be waived if not properly pleaded. See, e.g., *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 222, 982 A.2d 1053 (2009) ("[c]ollateral estoppel is an affirmative defense that may be waived if not properly pleaded"); *Anderson* v. *Latimer Point Management Corp.*, 208 Conn. 256, 263, 545 A.2d 525 (1988) (res judicata "a legal doctrine which must be specially pleaded"); *Gaer Bros., Inc.* v. *Mott*, 144 Conn. 303, 310, 130 A.2d 804 (1957) ("[r]es judicata must be pleaded in an answer as a special defense"); *Sydoriak* v. *Zoning Board of Appeals*, 90 Conn. App. 649, 657, 879 A.2d 494 (2005) (collateral estoppel claim deemed waived due to failure to plead it as special defense); *Carnese* v. *Middleton*, 27 Conn. App. 530, 537, 608 A.2d 700 (1992) ("[c]ollateral estoppel, like res judicata, must be specifically pleaded by a defendant as an affirmative defense"); cf. Practice Book § 10-50 ("res judicata must be specially pleaded" as defense). The defendants failed to comply with that requirement.

That is not to say that the defendants are foreclosed from pursuing such a defense in every instance. As this court explained years ago, "[t]here is, however, an exception to this general rule. The defendants' failure to file a special defense may be treated as waived where the plaintiff fails to make appropriate objection to the evidence and argument offered in support of that defense. See *Tedesco* v. *Stamford*, 215 Conn. 450, 462–63, 576 A.2d 1273 (1990); *Pepe* v. *New Britain*, 203 Conn. 281, 286, 524 A.2d 629 (1987)." *Carnese* v. *Middleton*, supra, 27 Conn. App. 537. In *Carnese*, we concluded that the defendants' failure to file a special defense was waived "because the plaintiff did not object to the dismissal on that ground, even after the defendants claimed that collateral estoppel required a dismissal." Id. We reach a similar conclusion in the present case, as the plaintiff at no time objected on the ground of the defendants' failure to properly plead their res judicata and collateral estoppel defenses. To the contrary, the plaintiff argued the merits of those defenses in his opposition to the motions for summary judgment and at oral argument thereon. Thus, despite the defendants' failure to specially plead those defenses, the court properly could consider them in deciding the motions for summary judgment.

## C

Turning our attention to the merits of the defendants' claim, we agree with the defendants' central contention that the court improperly denied their motions for summary judgment without determining whether a genuine issue of material fact existed with respect to their res judicata and collateral estoppel defenses. We disagree as to the basis for that conclusion.

Practice Book § 17-44 provides in relevant part that "[t]he pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge."

In matters vested to the discretion of the court, our appellate courts must "make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *Stokes* v. *Norwich Taxi, LLC*, 289 Conn. 465, 493, 958 A.2d 1195 (2008). The defendants ask us to conclude that the trial court's refusal to decide the merits of their motions for summary judgment in their entirety constituted an abuse of discretion in light of the procedural history of this litigation, despite the fact that trial was scheduled to begin in approximately one month.[4] We decline to do so. In light of the ample discretion afforded a trial judge in determining whether a pending motion for summary judgment shall delay trial and the particular facts of this case, we cannot say that the court abused its discretion in refusing to decide the merits of the defendants' motions for summary judgment in their entirety.[5]

At the same time, the teaching of *Convalescent Center of Bloomfield, Inc.*, and its progeny compel a different result with respect to the defendants' res judicata and collateral estoppel defenses. We reiterate that "[a] party should not be allowed to relitigate a matter that it

---

[4] The defendants' claim that the court improperly refused to rule on their motions for summary judgment in their entirety confounds their concession that only their res judicata and collateral estoppel defenses are at issue in this appeal. See footnote 3 of this opinion.

[5] Although the defendants also assert a due process violation under our state and federal constitutions, they advance no substantive analysis or discussion of precedent related thereto, rendering the claim inadequately briefed. Our appellate courts repeatedly have stated that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 266 Conn. 108, 120, 830 A.2d 1121 (2003).

already had opportunity to litigate. . . . [T]he defense of collateral estoppel is a civil law analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits. Like the case of a denial of a criminal defendant's colorable double jeopardy claim, where immediate appealability is well established . . . [a] judgment denying [a] claim of collateral estoppel is a final judgment." (Citations omitted; internal quotation marks omitted.) *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, supra, 208 Conn. 194–95. Thus, the denial of a claim for collateral estoppel or res judicata is immediately appealable. Id.; *Milford* v. *Andresakis*, supra, 52 Conn. App. 455 n.1. The foregoing precedent would be frustrated, if not altogether undermined, by permitting a trial court faced with a motion for summary judgment to decline to pass on the question of whether those defenses bar relitigation of a given matter. If the denial of a preclusion claim is of such import that the commencement of trial must yield to appellate review of that determination, logic dictates that it similarly must yield to a determination of whether summary judgment, when properly presented, is appropriate on that ground. Because a res judicata or collateral estoppel claim is the "civil law analogue" to a double jeopardy challenge, a court faced with such a claim must resolve that question before trial may commence. We therefore conclude that the court improperly denied the defendants' motions for summary judgment without determining whether a genuine issue of material fact existed with respect to their res judicata and collateral estoppel defenses.[6]

Accordingly, we remand the matter to the trial court for further proceedings. Parties are entitled to argue a motion for summary judgment as of right. *Vertex, Inc.*

---

[6] We express no opinion as to the merits of the defendants' preclusion defenses.

v. *Waterbury*, 278 Conn. 557, 568 n.8, 898 A.2d 178 (2006); *Curry* v. *Allan S. Goodman, Inc.*, 95 Conn. App. 147, 152–53, 895 A.2d 266 (2006); Practice Book § 11-18 (a). The transcript of the December 8, 2008 proceeding indicates that although argument commenced on the defendants' motions for summary judgment, no substantive discussion of the defendants' res judicata or collateral estoppel claims by either party followed. After an overview of the facts allegedly precipitating the plaintiff's action, the court recessed to confer with the presiding judge about a possible continuance of trial. When argument resumed, the court informed the parties of its decision to summarily deny the defendants' motions without reaching the merits thereof and the hearing concluded.

In addition, the case presents interesting issues of law, including the question of whether the granting of a motion to strike constitutes a judgment rendered on the merits; see *Hughes* v. *Bemer*, 206 Conn. 491, 495, 538 A.2d 703 (1988); *Tirozzi* v. *Shelby Ins. Co.*, 50 Conn. App. 680, 686–87, 719 A.2d 62, cert. denied, 247 Conn. 945, 723 A.2d 323 (1998); but see *Bridgeport Hydraulic Co.* v. *Pearson*, 139 Conn. 186, 196, 91 A.2d 778 (1952); *In re Xavier D.*, 113 Conn. App. 478, 482, 966 A.2d 810 (2009); as well as the effect of consolidation of the two actions at the request of the defendants vis-a-vis Practice Book § 10-45, and what the defendants have termed the "simultaneous nature" of the two actions. In light of the foregoing, we believe that the parties should be afforded the opportunity to argue the merits of the preclusion claims at issue in the present case.

II

The defendants also claim that the court abused its discretion in declining to grant a continuance of trial. They cite no authority indicating that such a pretrial determination constitutes a final judgment for purposes

of appeal and do not analyze such a claim pursuant to *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Although one Connecticut court has answered that question in the negative; *State* v. *Anonymous (1975-3)*, 32 Conn. Sup. 510, 338 A.2d 511 (1975); we need not resolve it here. The record before us indicates that the trial at issue has not transpired, thus rendering the matter of a continuance moot, as the defendants cannot obtain any practical relief in the present case. See *Bluefin Mortgage Fund, LLC* v. *Speer*, 291 Conn. 298, 307, 968 A.2d 362 (2009).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.