******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BAYVIEW LOAN SERVICING, LLC *v.* SANDRA
FRIMEL ET AL.
(AC 41213)

DiPentima, C. J., and Moll and Beach, Js.

*Syllabus*

The plaintiff company sought to foreclose a mortgage on certain real property owned by the defendant F. The plaintiff filed a motion for summary judgment as to liability only on the complaint and as to F's special defenses and counterclaim. In July, 2017, at a scheduled hearing on the plaintiff's motion for summary judgment, the plaintiff's counsel indicated that although she was ready to proceed with regard to the motion for summary judgment, she would leave it to the trial court's discretion in light of the suspension from the practice of law of F's attorney and F's attempts to retain another attorney. During that hearing, the court noted that it would consider the plaintiff's motion on or after August 18, 2017, but that it would grant the motion for summary judgment if F failed to file an objection by that time. The court also noted that it would hear oral argument on the merits of the motion for summary judgment if F requested argument on or before August 18, 2017, but that it would otherwise consider the matter on the papers. On August 21, 2017, F's new attorney, H, filed an objection to the plaintiff's motion for summary judgment, indicating that oral argument was requested, but the court subsequently granted the plaintiff's motion for summary judgment, without a hearing, on the basis of the parties' written submissions. Thereafter, the trial court rendered a judgment of foreclosure by sale, from which F appealed to this court. *Held* that the trial court erred in granting the plaintiff's motion for summary judgment without the motion appearing on the short calendar and without permitting oral argument on the motion: although that court, in granting the plaintiff's motion for summary judgment, cited F's failure to file an opposition to the motion by the deadline established by the court and treated F's objection as untimely and insufficient because it did not include a memorandum of law, evidence, or an affidavit, the court was required to consider, in the first instance, whether the plaintiff, as the movant, had satisfied its burden of establishing its entitlement to summary judgment, and, if the plaintiff had failed to meet its initial burden, it would not matter if F had not filed any response; moreover, the trial court improperly granted the plaintiff's motion for summary judgment without hearing oral argument regarding the merits of that motion as required by the applicable rule of practice (§ 11-18), as the court indicated during the July, 2017 hearing, which did not address the merits of the plaintiff's motion, that it would consider the motion on the papers unless F filed a request for oral argument by August 18, 2017, H filed an objection to the plaintiff's motion for summary judgment with a request for oral argument on August 21, 2017, and, notwithstanding those filings, the court granted the plaintiff's motion for summary judgment without hearing oral argument on the merits of that motion.

Argued May 22—officially released September 17, 2019

*Procedural History*

Action to foreclose a mortgage on certain of the named defendant's real property, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the named defendant filed a counterclaim; thereafter, the court, *Aurigemma, J.*, granted the plaintiff's motion for summary judgment as to liability on the complaint and as to the counterclaim; subsequently, the court denied the named defendant's motion to reargue and for reconsideration; thereafter, the court, *Domnarski, J.*, rendered a judgment of foreclosure by

sale, from which the named defendant appealed to this court; subsequently, the court, *Aurigemma, J.*, denied the named defendant's motion for articulation; thereafter, this court granted the named defendant's motion for review but denied the relief requested therein. *Reversed*; *further proceedings*.

*Michael J. Habib*, with whom was *Thomas P. Willcutts*, for the appellant (named defendant).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Jeffrey Gentes* filed a brief for the Connecticut Fair Housing Center as amicus curiae.

*Opinion*

BEACH, J. The defendant Sandra Frimel appeals from the judgment of foreclosure by sale rendered in favor of the plaintiff, Bayview Loan Servicing, LLC.[1] On appeal, the defendant claims that the trial court erred in granting the plaintiff's motion for summary judgment without the motion appearing on the short calendar and without permitting oral argument on the motion. We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claim on appeal. The plaintiff filed this action in February, 2011, seeking to foreclose a mortgage on the defendant's property located at 158 Brainard Hill Road in Higganum. On December 23, 2013, the trial court, *Domnarski, J.*, granted the plaintiff's motion for summary judgment as to liability only. On April 28, 2014, the court, *Marcus, J.*, rendered a judgment of foreclosure by sale. On August 18, 2014, Judge Domnarski granted the defendant's motion to open the judgment and vacated the judgment of foreclosure by sale. On January 12, 2015, the plaintiff filed a motion for judgment of strict foreclosure. On January 23, 2015, the defendant filed an answer, a special defense, and a counterclaim.

On June 2, 2017, the plaintiff filed a motion for summary judgment as to liability only on the complaint and as to the defendant's special defense and counterclaim. On June 19, 2017, William B. Smith, trustee for Thomas P. Willcutts, the defendant's former attorney, filed a letter informing the court that Willcutts had been placed on interim suspension from the practice of law and that the defendant had only recently become aware of Willcutts' suspension. The letter also asked that the court offer "any appropriate forbearance or time in proceeding" with this matter.[2] At a scheduled hearing on the plaintiff's motion for summary judgment on July 24, 2017, the plaintiff's counsel indicated that although she was ready to proceed with regard to the plaintiff's motion for summary judgment, she would leave it to the court's discretion in light of Willcutts' suspension and the defendant's attempts to retain another attorney.[3] The defendant then informed the court that she was having a problem receiving her mail and that she had very recently learned of Willcutts' suspension.[4] In response, the court, *Aurigemma, J.*, stated that it "will consider this matter on or after August [18, 2017]. If there's nothing filed by your attorney, the court will grant the summary judgment. This case is six years old. The court is not inclined to give any more time. I think [August 18, 2017], is quite generous." Counsel for the plaintiff then inquired whether the court would want oral argument on August 18, 2017, or if it would consider the case on the papers on that date. In response, the court stated that "[i]f they file it and want argument,

they can request argument . . . on or before [August 18, 2017]; otherwise, I will take it on the papers."

On August 18, 2017, Attorney Michael J. Habib filed an appearance on behalf of the defendant. On August 21, 2017, Habib filed an objection to the plaintiff's motion for summary judgment. The opposition indicated that oral argument was requested.[5] On August 29, 2017, the court granted the plaintiff's motion for summary judgment on the basis of the parties' written submissions and without a hearing. The court's decision stated: "Absent opposition. The motion for summary judgment was filed in June. It appeared on the calendar on [July 24, 2017]. At that time the defendant's attorney was suspended from practice. The court stated that it would not consider the motion until August 18, 2017, thereby giving the defendant or her attorney time to file something in opposition to the motion for summary judgment. As of August 18, 2017, there was nothing filed in opposition. The defendant's new attorney filed a one page objection to the [motion for] summary judgment on August 21, 2017, but filed no memorandum of law and filed no evidence or affidavit in opposition to the summary judgment motion. Given the age of this case and the unfairness to the plaintiff, the court finds that the defendant's conduct is motivated only by desire to delay proceedings and, in the absence of anything substantive to oppose the plaintiff's [motion for] summary judgment, the same is granted."

On September 19, 2017, the defendant filed a motion to reargue and for reconsideration,[6] contending that the court's order granting the plaintiff's motion for summary judgment was "against applicable law in its failure to permit the defendant to present her opposition to the plaintiff's motion, by way of argument or otherwise, and its failure to consider the same in granting the plaintiff's motion." That same day, the plaintiff filed an objection to the defendant's motion to reargue and for reconsideration. On October 10, 2017, the court denied the defendant's motion and sustained the plaintiff's objection thereto. On December 18, 2017, Judge Domnarski rendered a judgment of foreclosure by sale. The defendant then filed the present appeal.

On appeal, the defendant claims that the court erred in granting the plaintiff's motion for summary judgment without the motion appearing on the short calendar and without permitting oral argument on the motion. The plaintiff counters that the court acted within its discretion in scheduling the hearing on its motion for summary judgment, setting deadlines for the defendant's opposition to be filed and, ultimately, granting the motion for summary judgment. We agree with the defendant and conclude, for two reasons, that the court erred in granting the plaintiff's motion for summary judgment.

"Practice Book § 17-49 provides that summary judg-

ment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy [its] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . *When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue.* . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Emphasis in original; internal quotation marks omitted.) *Capasso* v. *Christmann*, 163 Conn. App. 248, 257, 135 A.3d 733 (2016). "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Marinos* v. *Poirot*, 308 Conn. 706, 712, 66 A.3d 860 (2013).

We initially note that the trial court, in granting the plaintiff's motion for summary judgment, cited the defendant's failure to file an opposition to the motion by the deadline established by the court. In *Capasso* v. *Christmann*, supra, 163 Conn. App. 250, the plaintiffs claimed that the trial court improperly rendered summary judgment in favor of the defendants "on the basis that the plaintiffs' counsel [had] failed to file an adequate opposition to the defendants' motion." We noted that the trial court in that case "failed to address or consider whether the defendants had met their burden of establishing that they were entitled to summary judgment. The court instead rendered judgment in favor of the defendants because the plaintiffs' counsel had submitted an inadequate brief. Specifically, the court stated: 'The motion for summary judgment now before the court is granted for the failure of its counseled opponents to submit an adequate brief following specific instructions to do so.' In other words, the court effectively sanctioned the plaintiffs for failing to comply with its prior order." Id., 260.

In concluding that the trial court in *Capasso* improperly rendered summary judgment in favor of the defendants, we stated: "Under these facts and circumstances, it was improper to grant summary judgment solely because the court determined that the opposition to the defendants' motion was inadequate. . . . Under our jurisprudence, the court was required to consider, in the first instance, whether the defendants, as the movants, had satisfied their burden of establishing their entitlement to summary judgment. If, and only if that

burden was met, would the court have considered the plaintiffs' memoranda in opposition and supporting evidentiary submissions to determine if they raised genuine issues as to any facts material to the defendants' right to judgment in their favor. If the defendants had failed to meet their initial burden, it would not matter if the plaintiffs had not filed *any* response. . . . Summary judgment could not be rendered if the defendants failed to establish that there was no genuine issue as to any material fact." (Citations omitted; emphasis in original.) Id., 260–61.

As in *Capasso*, the court's order in the present case failed to consider whether the plaintiff had met its burden of establishing that it was entitled to summary judgment. Instead, the order noted that it was being issued "[a]bsent opposition" and that, although the court had given the defendant until August 18, 2017, to file an opposition to the motion for summary judgment, nothing had been filed by that date. The order further noted that Habib had filed a one page objection to the motion for summary judgment on August 21, 2017, but "filed no memorandum of law and filed no evidence or affidavit in opposition to the summary judgment motion."[7]

The court appears to have treated the defendant's objection as untimely and insufficient because it did not include a memorandum of law, evidence, or an affidavit. In this regard, the plaintiff argues, in part, that the trial court properly granted its motion for summary judgment because the defendant had not filed an opposition to the motion within forty-five days of the filing of the motion pursuant to Practice Book § 17-45 (b).[8] As we stated in *Capasso*, however, the court was required to consider, in the first instance, whether the plaintiff, as the movant, had satisfied its burden of establishing its entitlement to summary judgment. If the plaintiff had failed to meet its initial burden, it would not matter if the defendant had not filed any response. *Capasso* v. *Christmann*, supra, 163 Conn. App. 261.

Additionally, the court granted the plaintiff's motion for summary judgment in the absence of oral argument on the motion. As stated previously in this opinion, at the hearing on July 24, 2017, the court indicated that it would consider the matter on or after August 18, 2017, and that if the defendant had not filed anything by that date, it would grant the plaintiff's motion. In response to an inquiry by counsel for the plaintiff, the court stated that the defendant could file a request for oral argument by August 18, 2017; otherwise, the court would consider the motion on the papers.[9] Habib filed an appearance for the defendant on August 18, 2017, and an objection to the plaintiff's motion for summary judgment on August 21, 2017. The objection indicated that oral argument was requested. Notwithstanding these filings, on August 29, 2017, the court granted the

plaintiff's motion for summary judgment without hearing oral argument on the merits of the plaintiff's motion.

Practice Book § 11-18 provides in relevant part: "(a) Oral argument is at the discretion of the judicial authority except as to . . . motions for summary judgment . . . and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right, provided: (1) the motion has been marked ready in accordance with the procedure that appears on the short calendar on which the motion appears, or (2) a nonmoving party files and serves on all other parties . . . a written notice stating the party's intention to argue the motion or present testimony. Such a notice shall be filed on or before the third day before the date of the short calendar date . . . ." "Parties are entitled to argue a motion for summary judgment as of right." *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 236, 4 A.3d 851 (2010).

The plaintiff argues that the court properly scheduled this matter for the July 24, 2017 short calendar and that it properly marked this motion "Ready" in accordance with Practice Book § 17-45 (c).[10] (Internal quotation marks omitted.) At the hearing on July 24, 2017, however, the parties did not argue the merits of the motion for summary judgment. Counsel for the plaintiff conceded, at oral argument before this court, that the trial court did not address the merits of the plaintiff's motion, either at the hearing on July 24, 2017, or in its order granting the motion. Pursuant to Practice Book § 11-18, the defendant had a right to oral argument on the plaintiff's motion for summary judgment. See *Curry* v. *Allan S. Goodman, Inc.*, 95 Conn. App. 147, 151–54, 895 A.2d 266 (2006) (trial court improperly rendered summary judgment in favor of defendant without oral argument where defendant had requested argument and parties anticipated argument on motion); see also *Singhaviroj* v. *Board of Education*, supra, 124 Conn. App. 237 (concluding that parties should be given opportunity to argue merits of claims at issue where transcript reveals that argument commenced on motions for summary judgment but no substantive discussion followed). The trial court, therefore, improperly granted the plaintiff's motion for summary judgment without hearing oral argument regarding the merits of that motion.[11]

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] Geoffrey Hammerson and JPMorgan Chase Bank, N.A., also were named as defendants in this action. On April 1, 2011, the court granted the plaintiff's motion for default for failure to plead against Hammerson. On April 28, 2014, the court granted the plaintiff's motion for default for failure to plead against JPMorgan Chase Bank, N.A. We refer to Frimel as the defendant in this opinion.

[2] The letter, addressed to the clerk of the court, stated:

"As of April 11, 2017, I was appointed [t]rustee for Thomas P. Willcutts, Esq., who was suspended on an interim basis from the practice of law in Connecticut, pursuant to Practice Book § 2-64, and by [o]rder of Judge

Robaina.

"I am informing the [c]ourt, for informational purposes, in light of the matter **Bayview Loan Servicing, LLC v. Frimel et al. (MMX-CV11-6004441-S)**, in which Attorney Willcutts filed an appearance for [the defendant]. Further, I have learned that [the defendant] has only become aware of Attorney Willcutts' suspension and her need to retain new counsel this week due to mail delivery problems to her rural delivery route. Additionally, I have come to understand that she currently is without new representation at the time of this writing.

"Finally, I respectfully request that the [c]ourt offer any appropriate forbearance or time in proceeding with the above matter, so that [the defendant] has ample opportunity to arrange for new representation." (Emphasis in original.)

[3] The plaintiff's counsel stated: "And, Your Honor, this is the plaintiff's motion for summary judgment. And, just by way of background, the defendant was represented by Attorney Willcutts, who is no longer able to practice at this moment.

"We spoke with the trustee, who stated that he would be filing a request with the [c]ourt for additional time, so that a new attorney can be sought.

"I haven't seen an appearance yet, but I did speak with the defendant this morning. She said she is in talks with an attorney. She has his name. He is deciding whether he wants to take the case or not. So, I leave that matter up to Your Honor's discretion.

"We're ready to proceed, but given the circumstances, we're leaving it to Your Honor's discretion."

[4] The following colloquy took place between the court and the defendant:

"The Court: When can your attorney be hired and file an opposition to the [motion for] summary judgment?

"[The Defendant]: What I've heard is—and I'm sorry for the delay. The trustee—there's a problem with my mail. I don't know if you've read that letter. And the trustee—I did not know that my attorney had been suspended. The first I heard of it is when I heard from the bank's representative, which they mailed something to me on—it's postmarked [June 2, 2017], but I didn't receive it until almost two and [one-half] weeks later because of a mail problem, which I continue to straighten out. And I then called the trustee, who had not notified me, and his name is William B. Smith, and he called me back and said, didn't you get my letter? I never got a letter from him, and that's when I first heard that Attorney Willcutts had been suspended . . . ."

[5] Although the opposition made reference to a memorandum of law, the memorandum of law in opposition to the motion for summary judgment was not filed until October 2, 2017. On October 19, 2017, the defendant filed a notice of intent to argue her objection and memorandum of law in opposition to the plaintiff's motion for summary judgment.

[6] Although captioned as the plaintiff's motion to reargue and for reconsideration, this motion was filed by the defendant.

[7] The court also stated that "[g]iven the age of this case and the unfairness to the plaintiff, the court finds that the defendant's conduct is motivated only by desire to delay proceedings and, in the absence of anything substantive to oppose the plaintiff's [motion for] summary judgment, the same is granted." With regard to the court's statements regarding the age of the case and the fact that the defendant's conduct was motivated by a desire to delay the proceedings, we note that the defendant filed her answer, special defense and counterclaim on January 23, 2015. The plaintiff, however, did not file its motion for summary judgment until June 2, 2017, over two years later.

The defendant filed a motion for articulation requesting that the court articulate, inter alia, the factual and legal basis for its conclusions that the defendant's conduct was motivated by a desire to delay the proceedings and involved unfairness to the plaintiff. The court denied the motion for articulation. The defendant thereafter filed a motion for review of the decision on the motion for articulation. This court granted review but denied the relief requested therein.

[8] Practice Book § 17-45 (b) provides: "Unless otherwise ordered by the judicial authority, any adverse party shall file and serve a response to the motion for summary judgment within forty-five days of the filing of the motion, including opposing affidavits and other available documentary evidence."

[9] The court did not issue a written order establishing the deadline of August 18, 2017. The defendant's affidavit, filed on October 2, 2017, along with the defendant's memorandum of law in opposition to the plaintiff's motion for summary judgment, indicated that the defendant was not sure of the nature of the August 18, 2017 deadline and that she contacted the court clerk for clarification; the clerk, however, was unable to provide

clarification regarding the deadline.

[10] Practice Book § 17-45 (c) provides: "Unless otherwise ordered by the judicial authority, the moving party shall not claim the motion for summary judgment to the short calendar less than forty-five days after the filing of the motion for summary judgment."

[11] We note that nothing in this opinion precludes the trial court, on remand, from reconsidering the merits of the plaintiff's motion for summary judgment and determining whether that motion should be granted. See *Capasso* v. *Christmann,* supra, 163 Conn. App. 261 n.13.

————————————————