JOHN ALBERTA III *v.* MILDRED ALBERTA
(AC 18271)

Lavery, Schaller and Daly, Js.[1]

Argued December 2, 1999—officially released June 6, 2000

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Michael J. McCabe*, for the appellant (defendant).

*Mark M. Kratter*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Mildred Alberta, appeals from the judgment rendered after a trial to the court, quieting title to a parcel of real property in the plaintiff as against the defendant. We affirm the judgment of the trial court.

The following facts and procedural history are necessary to our disposition of this appeal. At issue in this case is title to property known as 1 Aiken Street in Norwalk (property). On January 8, 1988, the plaintiff, John Alberta III, conveyed the property to the ConnFla Development Corporation (ConnFla) by way of a quitclaim deed.[2] On October 21, 1988, as security for a note, the plaintiff and ConnFla gave a mortgage on the property to PDC Associates (PDC). Thereafter, ConnFla conveyed the property, by way of a quitclaim deed to the plaintiff, who, in turn, conveyed it to Norton Feinstein, also by way of a quitclaim deed.

On December 7, 1990, Feinstein conveyed the property to Joseph Cioffi by quitclaim deed. On February 12, 1993, PDC initiated a strict foreclosure action against ConnFla and the plaintiff, and subsequently caused a lis pendens to be recorded on February 18, 1993. At the time of the commencement of the foreclosure action

---

[2] The plaintiff is the president of ConnFla.

and the filing of the lis pendens, Cioffi held fee simple title to the property. On March 1, 1993, Cioffi conveyed the property to the plaintiff by way of a quitclaim deed, which the plaintiff recorded the following day.

On October 22, 1993, PDC filed a motion for judgment of strict foreclosure. The court granted the motion on December 13, 1993, and set January 11, 1994, as the first law day, with title to vest in PDC on January 19, if redemption did not occur. On January 10, 1994, the plaintiff filed for bankruptcy protection; the resulting automatic stay prevented title from vesting in PDC. On December 5, 1994, the bankruptcy court granted PDC relief from the automatic stay, and on February 3, 1995, the foreclosure court opened the judgment, rendered another judgment of strict foreclosure and set March 27, 1995, as the first law day. On March 27, the court granted a motion to reopen the judgment filed by the plaintiff and set another series of law days beginning on April 10, 1995. Thereafter, on April 10, 1995, the plaintiff, as a defendant in the foreclosure action, presented to the foreclosure court a stipulation that was drafted by the plaintiff and signed by him and PDC.[3] The stipulation provided in relevant part that "the type of foreclosure shall be changed from a Strict Foreclosure to a Foreclosure by Sale." The court, *Hickey, J.,* took the stipulation "on the papers" and did not act on it. The law days passed without the court's acting on the stipulation and without redemption.

On June 5, 1995, the plaintiff and PDC appeared before the court, and, on the basis of the agreement that they had reached, the plaintiff sought the reopening of the judgment. PDC agreed that it would not proceed with the foreclosure action as long as the plaintiff paid $20,000 on that day and monthly payments thereafter

---

[3] PDC's attorney had moved to Maine and, therefore, was not present in court.

until the debt was satisfied. On July 8, 1996, PDC, by its president, Peter Calcagno, executed a quitclaim deed to the property to the defendant for $15,000.

By way of a complaint dated August 28, 1996, the plaintiff sought a judgment quieting title to the property in him as against the defendant. Both parties moved for summary judgment, and the court, *Hickey, J.*, denied both motions. The parties submitted a stipulation of facts and proceeded with a trial to the court, *Karazin, J.* The court found that by taking the April 10, 1995 stipulation on the papers, the foreclosure court, *Hickey, J.*, was treating the stipulation as a motion to open the judgment and that title to the property could not vest in PDC while the motion was pending. The court further found that the June 5, 1995 agreement between the plaintiff and PDC implicitly waived the operation of General Statutes § 49-15.[4] The court rendered judgment quieting title to the property in the plaintiff as against the defendant, and this appeal followed.

Because the defendant took a quitclaim deed, she obtained the interest in the property that her grantor, PDC, had on July 8, 1996, the date of the conveyance. Our review of the undisputed facts and the relevant law leads us to the conclusion that, at the time of the transaction between the defendant and PDC, the plaintiff held title to the property and PDC was no more than an encumbrancer.

On March 27, 1995, the date that the foreclosure court set the law days for the last time, the plaintiff was the owner of the property. This was by virtue of the March

---

[4] General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

1, 1993 quitclaim deed transferring the property to the plaintiff from Cioffi who, at the time of the conveyance, held fee title to the property. On April 10, 1995, the first law day, the plaintiff presented to the court what was labeled a stipulation. Both the plaintiff and PDC were signatories to this stipulation. Due to the fact that it contemplated that the judgment of strict foreclosure be changed to a foreclosure by sale, the stipulation was, as a matter of law, a motion to reopen the judgment because the only way the court could change the type of foreclosure would be to reopen the judgment and render another judgment. The court, having taken the motion on the papers, transformed it into a pending motion to reopen the judgment. The motion was still undecided when the law days subsequently passed without anyone having redeemed.

Although the law days passed without redemption, title did not vest in PDC because the motion stayed the judgment of strict foreclosure. We cannot tell from the record when the court sent notice of the March 27, 1995 judgment against the plaintiff, and we assume the date most favorable to the defendant, namely, March 27, 1995. Practice Book § 61-11 (a) provides in relevant part that "proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired. . . ." This rule of practice is applicable to mortgage foreclosures. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 349, 579 A.2d 1054 (1990). Practice Book § 63-1 (a) provides in relevant part that "an appeal must be filed within twenty days of the date notice of the judgment . . . is given. . . ." Under Practice Book § 63-2,[5] the

[5] Practice Book § 63-2 provides: "In determining the last day for filing any papers, the last day shall, and the first day shall not, be counted. Time shall be counted by calendar, not working, days.

"When the last day of any limitation of time for filing any paper under these rules or an order of the court falls on a day when the office of the trial court or of the appellate clerk is not required to be open, the paper may be filed on the next day when such office is required so to be open."

appeal period extended to April 17, 1995, and, therefore, the stay imposed by § 61-11 extended to that date. Because the parties filed a stipulation, which we deem a motion to reopen the judgment, within the appeal period, a judgment awarding PDC title was further stayed until such time as the court decided to accept the stipulation and to reopen the judgment plus a twenty day appeal period. See Practice Book § 63-1 (c) (1); see also *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 346–47.

On June 5, 1995, while the April 10, 1995 motion was still pending, the court accepted the agreement of the plaintiff and PDC and reopened the judgment. There is no evidence that the plaintiff failed to fulfill his obligations under the June 5, 1995 agreement prior to July 8, 1996, the date on which PDC delivered a quitclaim deed to the defendant, or that PDC revived the foreclosure proceedings prior to that time. Therefore, it was the plaintiff, not PDC, who owned the property on that day and title was properly quieted in the plaintiff as against the defendant.

In support of her argument that PDC was the owner of the property when she obtained her quitclaim deed, the defendant claims first that pursuant to General Statutes § 52-325 (a)[6] the plaintiff lost any rights he had

[6] General Statutes § 52-325 (a) provides: "In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property, except that no such notice may be recorded in an action that alleges an illegal, invalid or defective transfer of an interest in real property unless the complaint or affirmative cause of action contains the date of the initial illegal, invalid or defective transfer of an interest in real property and such transfer has occurred less than sixty years prior to the commencement of such action. Such notice

under his quitclaim deed because he did not move to be made a party to the foreclosure action after he obtained the deed from Cioffi. Because the foreclosure complaint clearly names the plaintiff as a defendant in that action, we need not address the merits of the defendant's claim.

The defendant claims next that although the April 10, 1995 stipulation was filed, no motion to reopen was filed and further that only an order of the court, not merely a motion seeking an order of the court, can operate to avoid title becoming absolute in PDC. We disagree on both counts. With respect to the defendant's first proposition, as we previously discussed, the stipulation explicitly requests that the judgment be altered. Therefore, the stipulation can be interpreted only as a motion to reopen.[7] With respect to the defendant's second proposition, the rules of practice and case law clearly dictate that a motion seeking an order of the court to reopen the judgment, if filed during the appeal

shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

[7] The foreclosure action file reveals that the judgment had been opened in the past. Accordingly, any subsequent motions to open would be more properly labeled as motions to reopen.

period, will stay the judgment vesting title to property in an encumbrancer, as it did in the present case. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 216 Conn. 346–47.

The defendant claims finally that to affirm the judgment of the trial court would be to impose upon title examiners a duty to obtain and examine transcripts of foreclosure proceedings before concluding who has title in a particular case. The defendant's argument assumes that the transcript of the April 10, 1995 proceeding is necessary to discover the motion to reopen the judgment. We disagree. Although the court did refer to the transcript of the April 10, 1995 hearing in determining that the stipulation was a motion to reopen, the transcript was not necessary to reach that determination. On its face, the stipulation asked the court to change the judgment from that of strict foreclosure to foreclosure by sale. Again, the paper could be characterized properly only as a motion to reopen the judgment. Accordingly, the defendant's claim fails.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The defendant claims also that the trial court improperly denied her motion for summary judgment. Because a full trial on the merits resulted in a judgment for the plaintiff, we will not review this claim. See *Gurliacci* v. *Mayer*, 218 Conn. 531, 541 n.7, 590 A.2d 914 (1991).

