******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# QUICKEN LOANS, INC. *v.* JOSE RODRIGUEZ ET AL.
## (AC 46309)

Suarez, Clark and Westbrook, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned by the defendants M and J. After defaulting the defendants for failure to plead, the trial court rendered a judgment of foreclosure by sale. The property was then sold to the plaintiff, and the trial court approved the sale. M timely filed a motion to set aside the court's approval of the sale. The defendants, however, never marked the motion as ready for adjudication, and, accordingly, the court did not act on it. Thereafter, the case was administratively closed. Approximately three months later, the defendants filed a motion to open, requesting that the trial court vacate the administrative closure and open and vacate the judgment of foreclosure by sale. The trial court denied the defendants' motion to open and sustained the plaintiff's objection thereto, and the defendants appealed to this court. *Held*:

1. This court concluded that any error by the trial court in its misinterpretation or misapplication of the applicable rule of practice (§ 63-1 (c) (1)) regarding the existence of an appellate stay following M's filing of the motion to set aside the approval of the sale was harmless and did not provide a reasonable basis for reversing the trial court's judgment on the defendants' motion to open: although, pursuant to Practice Book § 63-1 (c) (1), M's filing of the motion to set aside the approval of the sale extended the appellate stay that was in effect as a result of the court's approval of the sale until there was a ruling on that motion and any resulting new appeal period expired, the court's decision to enter the administrative closure of the file either acted as an implicit denial of M's motion or served as notice to the parties that the court was declining to rule on that motion, which the defendants reasonably should have construed as an effective denial of the motion pursuant to *Ahneman* v. *Ahneman* (243 Conn. 471); moreover, to the extent that M's filing of the motion to set aside the approval of the sale created the potential for a new appeal period, it began to run with the entry of the administrative closure and, thus, terminated approximately two months prior to the defendants' filing of the motion to open; furthermore, M's motion to set aside the approval of the sale did not assert fraud, mistake, surprise or any other issue with regard to the judicial sale but, instead, asserted claims directed at the judgment of foreclosure, which the defendants had waived when they failed to timely appeal from the judgment of foreclosure by sale.

2. Contrary to the defendants' assertions, the trial court did not abuse its discretion by deciding the motion to open on the papers without a hearing: a motion seeking to open or set aside a judgment is not a motion for which oral argument is as of right; moreover, although the defendants requested oral argument, they did not identify in their motion or their supporting memorandum the existence of any disputed factual issues that required the taking of evidence; furthermore, although the defendants claimed that the lack of a hearing deprived them of the opportunity to contest one of the factual predicates underlying the court's rationale for denying the motion, namely, whether they diligently pursued M's motion to set aside the approval of the sale, that issue had no legal bearing on the existence of an appellate stay.

3. The trial court did not abuse its discretion in denying the defendants' motion to open to the extent that it sought to set aside the administrative closure and properly determined that the defendants' request to open the judgment of foreclosure was untimely and, thus, that it lacked the authority to grant that aspect of the motion: the motion to open was filed nearly nine months after the court rendered the judgment of foreclosure by sale and, as such, was clearly outside of the applicable statutory limit (§ 52-212a); moreover, at the time the motion was filed, title to the property had vested in the plaintiff as the purchaser of the property because the time to appeal from the approval of the sale had long passed; furthermore, the motion did not raise a colorable claim that the foreclosure judgment was the product of fraud, duress or mutual mistake.

Argued April 22—officially released September 10, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of New Britain, where the defendant Capital One Bank (USA), N.A., was defaulted for failure to appear; thereafter, Rocket Mortgage, LLC, was substituted as the plaintiff; subsequently, the named defendant et al. were defaulted for failure to plead; thereafter, the court, *Hon. Joseph M. Shortall*, judge trial referee, granted the substitute plaintiff's motion for a judgment of foreclosure by sale and rendered judgment thereon; subsequently, the defendant Michelle Rodriguez filed a motion to set aside the court's approval of the sale of the real property; thereafter, the court, *Hon. Joseph M.*

*Shortall*, judge trial referee, issued a notice of administrative closure; subsequently, the court, *Hon. Joseph M. Shortall*, judge trial referee, denied the motion to vacate the administrative closure and to open and vacate the judgment of foreclosure by sale filed by the named defendant et al. and sustained the plaintiff's objection thereto, and the named defendant et al. appealed to this court. *Affirmed.*

*John A. Sodipo*, for the appellants (named defendant et al.).

*Geoffrey K. Milne*, for the appellee (substitute plaintiff).

*Opinion*

WESTBROOK, J. In this residential mortgage foreclosure action, the defendants Jose Rodriguez and Michelle Rodriguez[1] appeal from the judgment of the trial court denying their motion to open, which sought to set aside the court's administrative closure of the file following the approval of a committee sale and to open the judgment of foreclosure by sale rendered in favor of the plaintiff, Rocket Mortgage, LLC.[2] The defendants claim that the court improperly (1) misinterpreted and misapplied Practice Book § 63-1 when it concluded that no appellate stay was in effect that barred the transfer of title to the plaintiff following the approval of the sale, (2) found that the defendants had not diligently pursued a motion to set aside the approval of the sale, (3) failed to conduct an evidentiary hearing on the defendants'

---

[1] Capital One Bank (USA), N.A., is named as an additional defendant in the complaint by virtue of its interest in a judgment lien on the property. The trial court defaulted Capital One Bank (USA), N.A., for failure to appear, and it has not participated in the current appeal. Accordingly, all references in this opinion to the defendants collectively are to Jose Rodriguez and Michelle Rodriguez only.

[2] After commencing the action, Quicken Loans, Inc., changed its name to Rocket Mortgage, LLC, and the court granted a motion to substitute Rocket Mortgage, LLC, as the plaintiff in this action.

motion to open, and (4) determined that the motion to open was untimely as to the judgment of foreclosure by sale and, thus, that it lacked the authority to open that judgment. For the reasons that follow, we affirm the judgment of the court.

The record reveals the following relevant undisputed facts and procedural history. On October 30, 2019, the plaintiff commenced this action to foreclose a mortgage on property owned by the defendants at 267 Culver Street in Newington. Following unsuccessful court-sponsored mediation, the court defaulted the defendants for failure to plead. On November 24, 2021, the plaintiff filed a motion for a judgment of strict foreclosure. The plaintiff also filed a foreclosure worksheet and other documents, including an affidavit of compliance with the Emergency Mortgage Assistance Program (EMAP), General Statutes § 8-265cc et seq.[3] The defendants took no action to set aside the default or to oppose the motion for a judgment of foreclosure.

On March 28, 2022, the court, *Hon. Joseph M. Shortall*, judge trial referee, rendered a judgment of foreclosure by sale.[4] It found, inter alia, that the amount of the outstanding debt owed by the defendants was

---

[3] Attached as an exhibit to the affidavit is a copy of the letter that the plaintiff averred it had sent to the defendants via certified mail on July 23, 2019, prior to the commencement of the foreclosure action. The letter contained proper notice of EMAP and, inter alia, advised the defendants of their rights under General Statutes § 8-265ee. Although the defendants assert that they never received the letter, proof of actual receipt of an EMAP notice is not relevant to the issue of whether a mortgagee properly has complied with EMAP notice requirements. See *Wells Fargo Bank*, *N.A.* v. *Melahn*, 222 Conn. App. 828, 844–45, 307 A.3d 911 (2023), cert. denied, 348 Conn. 951, 308 A.3d 1038 (2024).

[4] "In Connecticut, strict foreclosure is the rule, foreclosure by sale the exception." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 793, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006). "The decision whether to order a strict foreclosure or a sale lies within the discretion of the court." Id., 794.

$194,535.31 and that the fair market value of the property was $225,000. The court set a sale date of June 4, 2022. The defendants did not file an appeal challenging the judgment of foreclosure, including any claim of noncompliance with the EMAP notice requirements.

On April 28, 2022, the court, *Morgan*, *J.*, issued notice that, due to the length of time that the action had been pending on the docket, the court was placing the matter on the court's docket management calendar.[5] On May 24, 2022, the plaintiff filed a form request for exemption from dismissal under the docket management program, noting that the court had set a foreclosure sale date of June 4, 2022. The court granted the plaintiff's request for exemption but also provided notice "that if a motion for supplemental judgment is not filed within [ninety] days of the foreclosure sale date, an administrative closure shall enter in this case without further notice, unless for good cause shown the court extends this deadline."[6]

The foreclosure sale went forward as ordered, and the property was sold at auction to the plaintiff for $213,800. On June 6, 2022, the committee filed a motion

[5] The notice provided in relevant part: "The above case, with a return date prior to April 28, 2020, has not been disposed of (a judgment of foreclosure by sale is not a final disposition). The court shall dispose of or dismiss this case unless appropriate paperwork, such as a withdrawal or affidavit of bankruptcy, is filed prior to June 1, 2022. If counsel obtains judgment prior to June 1, 2022, then the case will be marked off of the docket management calendar." (Emphasis omitted.)

[6] "[T]he supplemental judgment [in a foreclosure action] performs a variety of functions. Not only does it ratify and confirm the sale, but it also determines the priorities of the encumbrancers and finds the debt due to each, as well as orders disbursement of the expenses of the sale and possession to the successful bidder." (Internal quotation marks omitted.) *Citibank, N.A.* v. *Lindland*, 310 Conn. 147, 163, 75 A.3d 651 (2013); see also *City National Bank* v. *Stoeckel*, 103 Conn. 732, 744, 132 A. 20 (1926) ("[t]he decree of foreclosure by sale should not adjudicate the rights of the parties to the fund or funds realized, but such rights should be determined by way of supplementary judgment").

for approval of the sale and deed and for acceptance of the committee's report. The defendants did not oppose the motion for approval of the sale. On June 20, 2022, Judge Shortall granted the committee's motion and approved the sale and deed. The court further ordered that "[t]he plaintiff's counsel must file a motion for supplemental judgment within thirty days of this notice, or *a final disposition of the case will be ordered by the court*." (Emphasis added.)

On July 11, 2022—the final day on which to timely file an appeal from the court's approval of the sale—Michelle Rodriguez filed a motion asking the court to set aside its approval of the sale. The motion provided in relevant part that "[Michelle Rodriguez] would like to inform the court that at no time did she receive an EMAP letter from [the plaintiff] as required. [Michelle Rodriguez] disputes receiving notice of default [on the note and mortgage] as claimed at paragraph six of the complaint. Additionally, COVID and the lack of response from [the plaintiff] hindered [Michelle Rodriguez'] ability to pursue meaningful loss mitigation. [Michelle Rodriguez] would also need additional time to consult with and hire an attorney to pursue these issues further."[7] The motion did not contain an indication on the bottom of the first page that it was intended as a Practice Book § 11-11 motion or identify the judge that had approved the sale.[8] Neither the committee nor the plaintiff filed an opposition to the motion to set aside the approval of the sale. The trial court file indicates that

---

[7] At the time she filed the motion, Michelle Rodriguez was a self-represented party. Attorney John A. Sodipo, who represents the defendants in this appeal, filed an appearance for the defendants on September 23, 2022.

[8] Practice Book § 11-11 provides in relevant part that a party filing a motion that, pursuant to Practice Book § 63-1 (c) (1), could effect the timing of the appeal period, "shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a [Practice Book §] 11-11 motion. . . ."

the motion first appeared on a July 25, 2022 nonarguable short calendar but that the defendants never marked the motion "ready" for adjudication. Accordingly, it was not acted on by the court.[9]

On August 15, 2022, the committee filed a motion for advice. In that motion, the committee represented to the court that, despite making proper demand, the plaintiff had not paid it the fees and expenses ordered by the court. The committee asked the court for an order of payment and also requested an additional $300 in fees related to its filing of the motion for advice. On August 29, 2022, the court issued an order directing the plaintiff's counsel "to file a motion for supplemental judgment by no later than September 13, 2022, and to pay the committee $300 in addition to the fee already approved by the court."

On September 26, 2022, Judge Shortall issued the following order: "The plaintiff having failed to comply with the order of the court (*Morgan, J.*) that a motion for supplemental judgment be filed within ninety days of the sale date ([docket entry] #120.01), this file is administratively closed." Notice of the court's administrative closure of the file was issued to all parties, including the defendants. The defendants did not file an appeal challenging the administrative closure, let alone raise the ground that the court's closure of the file arguably was in violation of an automatic appellate stay in place as a result of the filing of the motion to set aside the approval of the sale, nor did they move

---

[9] The defendants attached as an exhibit to a subsequent motion a copy of a short calendar reclaim form that purports to show that they later reclaimed the motion to set aside for adjudication. Our review of the trial court's file, however, shows that, although the motion appeared again on an October 11, 2022 calendar, the defendants, who by then were represented by counsel, again failed to mark the motion "ready." It is axiomatic that it is not the responsibility of the court to decide a motion in the absence of a party marking the motion ready for adjudication. See *Curry* v. *Allan S. Goodman, Inc.*, 95 Conn. App. 147, 153, 895 A.2d 266 (2006).

the court within the appeal period to open or set aside the administrative closure and restore the case to the docket for the purpose of adjudicating the motion to set aside approval of the sale. The plaintiff recorded the committee deed on October 11, 2022.

Rather, on December 16, 2022, nearly three months after the court issued notice of the administrative closure, the defendants filed what they captioned a "motion for order," in which they argued that the plaintiff had prematurely recorded the court-approved deed. According to the defendants, the plaintiff never acquired title to the foreclosed property due to the appellate stay of execution that remained in effect as a result of the unadjudicated motion to set aside the approval of the sale. Judge Morgan rejected the motion for order, stating: "This case has been administratively closed. Consequently, a motion to reopen must be filed and granted, and the required filing fee paid, before this motion may be considered by the court."

On December 21, 2022, the defendants then filed the motion to open that is the subject of the present appeal. In that motion, the defendants moved the court to vacate the administrative closure "pursuant to its inherent supervisory authority and [Practice Book §] 10-10"[10] and also to open and vacate the judgment of foreclosure by sale. The defendants argued that the court "has continuous jurisdiction under [General Statutes §] 52-212 to grant the relief as requested by the defendants" and that, "while the appellate stay [was] in effect pursuant to Practice Book [§] 63-1, the plaintiff or . . . its agents interfered with the defendants' right to redeem by locking the defendants out of their property and removed

---

[10] Practice Book § 10-10 provides in relevant part: "Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief by either party. . . ." A postjudgment motion to open is not a pleading. See Practice Book § 10-6. Thus, it is unclear how Practice Book § 10-10 is applicable.

thousands of dollars worth of personal belongings.” That same day, the court issued an order directing the plaintiff to file a response to the defendants’ motion to open by December 30, 2022, and further ordered that “the property in question not be sold or otherwise alienated (e.g., leased) until this motion is acted upon.”

The plaintiff filed an objection to the motion to open on December 27, 2022. It argued that the defendants had failed to establish good cause to open the judgment, the motion was untimely, and, because title to the property had already transferred to the plaintiff, the motion was not properly before the court.

On January 19, 2023, the court sustained the plaintiff’s objection and denied the defendants’ motion to open. The court explained: “As far as the judgment of foreclosure by sale is concerned, the motion is untimely, and the court lacks authority to open the judgment. . . . As far as the order for administrative closure is concerned, assuming the defendants have standing to address an order entered because of the plaintiff’s failure to comply with a court order, their motion is not verified by an appropriate oath, as required by [§] 52-212 (c), and fails to state any reasonable cause for opening that order. [Michelle Rodriguez’] motion for order [docket entry #125] did not purport to be a [Practice Book §] 63-1 motion nor comply with Practice Book [§] 11-11’s requirements for a [Practice Book §] 63-1 motion. Therefore, there was no extended appeal period and no appellate stay in effect when the court-approved deed was recorded in the Newington land records. Even considered as such a motion, the defendant[s] never pursued resolution of the motion so that a new twenty day appeal period could begin. . . . The defendants’ remedies for an alleged[ly] illegal entry upon the premises and disposition of their property lie elsewhere, and it appears from their memorandum in support of this motion to

open that they are pursuing those remedies.''[11] (Citations omitted; internal quotation marks omitted.) The court also vacated its prior order restraining disposition of the property. The defendants filed a motion to reconsider, which the court granted, but it "decline[d] to depart from its earlier order." This appeal followed.

We begin our discussion with general principles of law that guide our review of the court's denial of the defendants' motion to open, including our standard of review. "It is well established that [a] foreclosure action is an equitable proceeding . . . [and that] [t]he determination of what equity requires is a matter for the discretion of the trial court. . . . Similarly, the determination of whether to grant a motion to open a judgment rests in the trial court's sound discretion." (Citation omitted; internal quotation marks omitted.) *Citibank, N.A.* v. *Lindland,* 310 Conn. 147, 166, 75 A.3d 651 (2013). "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *McGovern* v. *McGovern,* 217 Conn. App. 636, 646, 289 A.3d 1255, cert.

---

[11] In an affidavit filed in support of the motion to open, the defendants' counsel averred that he was representing the defendants as plaintiffs in separate entry and detainer actions. See *Rodriguez* v. *DeCaro,* Superior Court, judicial district of New Britain, Housing Session, Docket No. CV-22-5004001-S; *Rodriguez* v. *DeCaro,* Superior Court, judicial district of New Britain, Housing Session, Docket No. CV-22-5004002-S. Those actions remain pending as of the date of the official release of this opinion.

denied, 346 Conn. 1018, 295 A.3d 111 (2023). With these principles in mind, we turn to the defendants' claims.

I

The defendants first claim that the court misinterpreted or misapplied Practice Book § 63-1 in rejecting the defendants' argument in their motion to open that an appellate stay existed at the time the plaintiff recorded the court-approved deed of sale. According to the defendants, because a motion to set aside the approval of the sale was filed before the appeal period for challenging the approval of the sale expired, an appellate stay existed with respect to the approval of the sale and, thus, absolute title to the property could not have passed to the plaintiff while that motion remained unresolved. Second, and relatedly, the defendants claim that the court erroneously concluded that the motion to set aside the sale had no impact on the issue of the appellate stay because the defendants had failed to diligently pursue adjudication of that motion. Because our resolution of the defendants' first and second claims is somewhat intertwined, we address them together. As we set forth in detail subsequently in this opinion, although we agree in part with some of the defendants' arguments regarding the appellate stay, we nonetheless conclude that, under the particular procedural posture of the present case, any error by the court in its reasoning regarding the existence of an appellate stay was harmless and does not provide a reasonable basis for reversing the court's judgment on the defendants' motion to open.

Whether the court properly construed our rules of practice in determining that no appellate stay was in effect as a result of the filing of the motion to set aside the approval of the sale in this case raises a question of law over which we exercise plenary review. See *Ion Bank* v. *J.C.C. Custom Homes, LLC*, 189 Conn. App.

30, 38, 206 A.3d 208 (2019); see also *Wells Fargo Bank, N.A.* v. *Treglia*, 156 Conn. App. 1, 10, 111 A.3d 524 (2015) ("principles of statutory interpretation also apply to our review of rules of practice" and "our rules of practice should be construed harmoniously and not in a way that would render one provision superfluous as a result of the existence of another" (internal quotation marks omitted)). In deciding whether an appellate stay exists in noncriminal cases, such as foreclosure actions; see *Alberta* v. *Alberta*, 58 Conn. App. 89, 93, 754 A.2d 165 (2000); we look to both Practice Book §§ 61-11 and 63-1.

Practice Book § 61-11 (a) provides in relevant part that, "[e]xcept where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed *until the time to file an appeal has expired.* . . ." (Emphasis added.) In other words, "an appellate stay of execution arises from the time [an appealable] judgment is rendered until the time to file an appeal has expired. . . . If an appeal is [timely] filed, any appellate stay of execution in place during the pendency of the appeal period continues until there is a final disposition of the appeal or the stay is terminated. . . . If no appeal is filed, the stay automatically terminates with the expiration of the appeal period." (Citations omitted.) *Sovereign Bank* v. *Licata*, 178 Conn. App. 82, 99, 172 A.3d 1263 (2017). The temporary stay that exists during the pendency of the appeal period is necessary "to protect the full and unhampered exercise of the right to appellate review." (Internal quotation marks omitted.) *Ruiz* v. *Victory Properties, LLC*, 180 Conn. App. 818, 833, 184 A.3d 1254 (2018).

Relatedly, Practice Book § 63-1 governs when the appeal period begins and how the appeal period may be expanded. Unless a different statutory appeal period applies, which is not the case here, an appeal ordinarily

must be filed within twenty days from the date that notice of the appealable judgment is given. See Practice Book § 63-1 (a). If, however, "a motion is filed within the appeal period that, if granted, would render the judgment . . . ineffective . . . a new twenty day period . . . for filing the appeal shall begin on the day that notice of the ruling [on the motion] is given . . . ." Practice Book § 63-1 (c) (1). It follows, therefore, that the practical effect of the filing of a Practice Book § 63-1 (c) (1) motion on the automatic appellate stay is that any existing stay remains in effect until the Practice Book § 63-1 (c) (1) motion is decided and through the pendency of the resulting new appeal period.[12]

In addition to Practice Book §§ 61-11 and 63-1, we note that Practice Book § 11-11 contains several filing requirements applicable to motions that, pursuant to Practice Book § 63-1, would "cause [the appeal period] to begin again . . . ." Practice Book § 11-11. Specifically, the rule provides in relevant part that "[t]he party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a [Practice Book §] 11-11 motion. . . ." Practice Book

---

[12] To be clear, the plain language of Practice Book § 63-1 provides that the filing of a *timely* Practice Book § 63-1 (c) (1) motion does not *extend* or *toll* the original appeal period but, rather, creates a *new* appeal period that commences upon disposition of the motion. The rule further provides in relevant part that an "appeal may be filed either in the original appeal period, *which continues to run,* or in the new appeal period. . . ." (Emphasis added.) Practice Book § 63-1 (a). Thus, it is possible that the initial appeal period may lapse prior to the creation of a new appeal period. Nevertheless, in order to fully protect a party's right to effective appellate review, the appellate stay of execution, which by rule persists "until the time to file an appeal has expired"; Practice Book § 61-11 (a); does not lapse along with the original appeal period if no appeal is filed therein but, instead, remains in effect, at the least, through the pendency of any new appeal period.

§ 11-11. As this court recently clarified, "[a]lthough failure to comply with the technical requirements of Practice Book § 11-11 may provide a proper ground for denying the motion, such failure is not a sufficient basis to render ineffective for the purpose of creating a new appeal period a motion that otherwise adheres to the substance of Practice Book § 63-1 (c) (1). . . . It is the content of the motion . . . that is determinative of whether the motion creates a new appeal period *and extends the automatic appellate stay.*" (Citation omitted; emphasis added.) *Finance of America Reverse, LLC* v. *Henry*, 222 Conn. App. 810, 826–27, 307 A.3d 300 (2023). With this understanding of the relevant rules in mind, we turn to their application in the present case.

"[T]here [generally] are three appealable determinations in a case involving a foreclosure by sale: [1] the judgment ordering a foreclosure by sale, [2] the approval of the sale by the court and [3] the supplemental judgment [in which proceeds from the sale are distributed]." (Internal quotation marks omitted.) *Toro Credit Co.* v. *Zeytoonjian*, 341 Conn. 316, 322, 267 A.3d 71 (2021). "A judicial sale is one made as a result of judicial proceedings by a [committee of sale] legally appointed by the court for [that] purpose. . . . The court is the vendor, and the [committee] appointed to make the sale is the mere agent of the court. . . . Only after a sale has been confirmed and ratified by the court does it become complete. . . . Following confirmation of the sale, a judicial sale generally will not be set aside in the absence of fraud, mistake or surprise." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993). "[T]he court's approval of a sale extinguishes the rights of redemption of other parties [but] . . . does not automatically vest title with the purchaser." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 795, 888 A.2d 95, cert. denied, 277 Conn.

925, 895 A.2d 799 (2006). Instead, as set forth in General Statutes § 49-26, after a sale has been ratified or confirmed by the court, "a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure . . . ."

The court's June 20, 2022 approval of the sale and deed was an appealable judgment. Accordingly, an appellate stay of execution was in effect, at the least, through the end of the appeal period in which to challenge the approval of the sale, which, in the present case, expired on July 11, 2022. On the final day of the appeal period, Michelle Rodriguez filed a motion that asked the court to set aside its approval of the sale. If the court had granted that motion, it would have rendered the approval of the sale ineffective, and, therefore, pursuant to Practice Book § 63-1 (c) (1), its filing acted to extend the appellate stay until there was a ruling on the motion and any resulting new appeal period expired.

In its ruling on the defendants' motion to open, the trial court nevertheless advanced two reasons why it believed no appellate stay was in effect following its approval of the sale.

First, the court opined that it did not view the motion to set aside approval of the sale as a proper Practice Book § 63-1 (c) (1) motion because it did not contain a notation on the bottom of the front page of the motion that it was filed pursuant to Practice Book § 11-11. As we have previously held, however, such a defect does not impact the relief sought and, thus, did not render the motion ineffective for purposes of extending the existing appellate stay. See *Finance of America Reverse, LLC* v. *Henry*, supra, 222 Conn. App. 826–27.

Second, the court indicated that, even if the motion was a proper Practice Book § 63-1 (c) (1) motion, the defendants failed adequately to pursue its adjudication, a finding that the defendants challenge on appeal. Under the plain language of our rules of practice, however, it is the *filing* of a Practice Book § 63-1 (c) (1) motion that, in the first instance, effectuates an extension of any existing appellate stay. That extension continues until a disposition of the motion. Moreover, after a motion has gone off a short calendar without adjudication, as happened in the present case, "*any party* may claim the motion for adjudication." (Emphasis added.) Practice Book § 11-13 (c). Accordingly, the failure to seek timely adjudication of the motion to set aside approval of the sale was also attributable to the plaintiff and the committee.

In short, contrary to the conclusions of the court, the defendants are correct that the filing of the motion to set aside the approval of the sale did extend the appellate stay that already was in place as a result of the court's approval of the sale. A new twenty day appeal period would have commenced following the court's disposition of the motion.[13]

It is at this juncture, however, that we part ways with the defendants' analysis regarding the appellate stay, which the defendants contend continued even through the time of the court's ruling on their motion to open because the court never expressly resolved the pending motion to set aside the approval of the sale. We conclude otherwise.

In our view, the court's decision to enter the administrative closure of the file on September 26, 2022, either acted as an implicit denial of the defendants' pending

---

[13] The defendants also claim that the court erroneously found that the defendants had failed to pursue the motion to set aside the approval of the sale. We disagree.

motion to set aside the approval of the sale or served as notice to the parties that the court was declining to rule on that motion, which the defendants reasonably should have construed as an effective denial of the motion under our Supreme Court's holding in *Ahneman* v. *Ahneman*, 243 Conn. 471, 480, 706 A.2d 960 (1998). In *Ahneman*, our Supreme Court recognized that a "trial court's decision not to consider [a party's] motions was the functional equivalent of a denial of those motions. Like a formal denial, the effect of the court's decision refusing to consider the defendant's motions . . . was to foreclose the possibility of relief from the court on those issues . . . ." Id. Under either scenario, the defendants undoubtedly were aggrieved by the administrative closure of the file, which they had been notified would constitute a final disposition of the case. Consequently, the defendants could have filed an appeal challenging the administrative closure but did not do so. Moreover, to the extent that the filing of the motion to set aside the sale created the potential for a new twenty day appeal period in which to challenge the approval of the foreclosure sale and, by implication, an extension of the existing appellate stay, that new appeal period began to run with the entry of the administrative closure and, thus, terminated on October 16, 2022. The defendants did not file their motion to open or take any other action before that appeal period expired, and, therefore, any appellate stay in this case effectively terminated as of October 17, 2022, well before the filing of the motion to open. Even assuming arguendo that the recording of the committee deed on October 11, 2022, was an act that effectuated the approval of the sale,[14] we are not

---

[14] "[I]n a foreclosure by sale, although the right of redemption is extinguished upon the court's approval of the foreclosure sale, a motion to open a judgment approving that sale, properly filed within the appeal period, acts as a stay of the proceedings to enforce or carry out the judgment." *Wells Fargo Bank of Minnesota*, *N.A.* v. *Morgan*, 98 Conn. App. 72, 81, 909 A.2d 526 (2006). The passing of title following the approval of a foreclosure sale occurs as a matter of law when the deed of sale is transferred to the successful bidder, not by the recording of the deed, which simply provides

convinced that the plaintiff's recording of the deed six days prior to the expiration of the appellate stay provided a reasonable basis for granting the defendants' motion to open where the defendants never appealed from the court's approval of the sale, either in the initial appeal period or the subsequent one.

Finally, the motion to set aside the approval of the sale had not asserted fraud, mistake, surprise or any other issue with regard to the judicial sale. Instead, it asserted claims directed at the judgment of foreclosure, claims that the defendants waived when they failed to timely appeal from the judgment of foreclosure by sale. Accordingly, to the extent that the motion to open was directed at the administrative closure of the file and, by implication, the approval of the sale, we cannot conclude that the court abused its considerable discretion in denying the motion.

## II

The defendants next claim that the court improperly failed to conduct an evidentiary hearing with respect to their motion to open. In particular, they argue that the court's denial of the motion to open without an evidentiary hearing deprived them of an opportunity to contest one of the factual predicates underlying the court's rationale for denying the motion to open; namely, that the defendants had failed to pursue the motion to set aside the approval of the sale. We disagree.

A motion seeking to open or set aside a judgment is not a motion for which oral argument is as of right.

notice to the public of the transfer. See *National City Mortgage Co.* v. *Stoecker*, supra, 92 Conn. App. 795 ("muniment of title is the conveyance or the delivery of the deed to the purchaser"); see also *Saunders* v. *KDFBS, LLC*, 206 Conn. App. 92, 106, 259 A.3d 691 ("the land records are constructive notice to all the world of any instruments there recorded" (internal quotation marks omitted)), cert. denied, 338 Conn. 915, 259 A.3d 1180 (2021).

See Practice Book § 11-18;[15] *Valenzisi* v. *Connecticut Education Assn.*, 150 Conn. App. 47, 50 n.2, 90 A.3d 324 (2014). Although the defendants indicated on the front page of their motion that oral argument was requested and that "testimony may be required," they did not identify in either their motion or in their supporting memorandum the existence of any disputed factual issues that necessarily required the taking of evidence. See, e.g., *Tyler E. Lyman, Inc.* v. *Lodrini*, 78 Conn. App. 684, 690, 828 A.2d 681 ("[b]ecause the [trial] court's exercise of discretion in ruling on the motion to open [the judgment] was dependent on the disputed factual issue of fraud, due process required that the [trial] court hold an evidentiary hearing on that issue"), cert. denied, 266 Conn. 917, 833 A.2d 468 (2003). The parties each submitted a thorough memorandum of law to the court with exhibits. The court had access to the court's file, which included all relevant markings of pleadings by the parties. Finally, as we explained in part I of this opinion, whether the defendants diligently pursued the motion to set aside the approval of the sale had no legal bearing on the existence of an appellate stay, which turned on the filing of the motion. Under the circumstances, we disagree that the court abused its discretion by deciding the motion on the papers without a hearing.

## III

Finally, the defendants claim that the court incorrectly determined that it lacked the authority to open

---

[15] Practice Book § 11-18 provides in relevant part: "(a) Oral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right . . . .

\* \* \*

"(f) For those motions for which oral argument is not a matter of right, oral argument may be requested in accordance with the procedure that is printed on the short calendar on which the motion appears."

the judgment of foreclosure by sale because the defendants' motion was untimely as to that judgment. We disagree.

As we have previously indicated, "[o]ur courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice. . . . [A] civil judgment may not be opened unless a motion to open is filed within four months following the date on which it was rendered. . . . [If] a motion to open is untimely, the trial court lacks authority to open the judgment." (Citations omitted; internal quotation marks omitted.) *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 541, 37 A.3d 766 (2012). Whether a court properly determines that it lacks the authority to open a judgment of foreclosure raises a question of law over which our review is de novo. Id. "A motion to open a judgment of foreclosure by sale is typically subject to two restrictions. . . . First, a motion to open a judgment of foreclosure by sale must be filed within the four month restriction of General Statutes § 52-212a. . . . [T]he second restriction on a motion to open a judgment of foreclosure by sale is that it must be filed before absolute title left the property owner, which [in the case in which the motion is filed by the holder of the equity of redemption] means before the committee sale was approved." (Internal quotation marks omitted.) Id., 544.

Here, the court rendered the judgment of foreclosure by sale on March 28, 2022, setting a sale date of June 4, 2022. The defendants never appealed from the foreclosure judgment nor, as discussed in part I of this opinion, did they appeal following the approval of the sale. The defendants' motion to open was filed on December 21, 2022, which was nearly nine months after the court rendered the judgment of foreclosure by sale

and, thus, clearly outside the statutory limit of § 52-212a.[16] Moreover, at the time the motion was filed, title to the property had vested in the plaintiff as the successful purchaser of the property because the time to appeal from the approval of the sale had long passed. The motion also raised no colorable claim that the foreclosure judgment was the product of fraud, duress or mutual mistake.

In summary, the court has considerable discretion in deciding whether to grant a motion to open or set aside a judgment. Having reviewed the file in the present matter as well as the briefs and arguments of the parties, we disagree that the court abused its considerable discretion by denying the defendants' motion to open to the extent it sought to set aside the administrative closure and, with respect to the request to open the judgment of foreclosure, we conclude that the court properly determined that the motion was untimely and, accordingly, that it lacked authority to grant that aspect of the motion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[16] Even if we were to conclude that the court had authority to act on the motion to open with respect to the judgment of foreclosure, we nevertheless would affirm the court's denial of the motion to open on the ground that the defendants failed to advance any reasonable basis for opening the judgment, including explaining why the defendants had failed to defend against or appeal from the judgment of foreclosure. Thus, the only proper exercise of the court's discretion would have resulted in a denial of that motion.