******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK TRUST, N.A., TRUSTEE *v.*
MARK E. O'BRIEN ET AL.
(AC 47391)

Moll, Westbrook and Prescott, Js.

*Syllabus*

The defendant property owner appealed from the trial court's judgment granting the plaintiff's application for execution of ejectment after the court had previously rendered a judgment of strict foreclosure on certain real property. The defendant claimed, inter alia, that the court erroneously ordered the execution of ejectment because title had not yet vested in the plaintiff. *Held*:

The trial court erroneously granted the plaintiff's application for execution of ejectment, as, although the court had previously issued an order granting the plaintiff's motion to terminate a then existing appellate stay, the court did not clearly indicate an intent to prospectively terminate future automatic appellate stays and, therefore, an automatic appellate stay pursuant to the rule of practice (§ 61-11) was in effect following the defendant's filing of his previous appeal, the law days had passed without legal effect, and absolute title to the property had not yet vested in the plaintiff at the time the court ordered the execution of ejectment.

Argued February 14—officially released April 1, 2025

*Procedural History*

Action to foreclose a mortgage on certain real property, and for other relief, brought to the Superior Court in the judicial district of Litchfield, where the defendant Kathleen M. O'Brien et al. were defaulted for failure to appear; thereafter, the matter was tried to the court, *Hon. John W. Pickard*, judge trial referee; judgment of strict foreclosure; subsequently, the court, *Lynch, J.*, granted the plaintiff's motion to substitute U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust as party plaintiff; thereafter, the named defendant appealed to this court, *Keller, Bright* and *Bishop, Js.*, which affirmed the judgment of the trial court; subsequently, the court, *Roraback, J.*, granted the substitute plaintiff's motion for execution of ejectment,

from which the named defendant appealed to this court. *Reversed*; *judgment directed*; *further proceedings*.

*Mark E. O'Brien*, self-represented, the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (substitute plaintiff).

*Opinion*

WESTBROOK, J. In this mortgage foreclosure action, the defendant Mark E. O'Brien[1] appeals from the judgment of the trial court ordering an execution of ejectment with regard to the foreclosed property.[2] The court concluded that the execution of ejectment could issue because all law days had passed during the pendency of the defendant's prior appeal in this matter and no appellate stay was in effect at that time due to a prior trial court order that purportedly had prospectively terminated any existing and future automatic appellate stays in this matter. Therefore, the court determined that title to the foreclosed property and the right of possession had vested in the substitute plaintiff, U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust.[3] The defendant claims

---

[1] The complaint named as additional defendants Kathleen M. O'Brien, Thomas J. O'Brien, and the State of Connecticut, Department of Revenue Services. These additional defendants did not appear before the trial court or participate in the present appeal. Accordingly, all references to the defendant are to Mark E. O'Brien only.

[2] An appeal ordinarily will not lie from an execution of ejectment once a possessory right to property has been conclusively established, whether through summary process eviction or by way of foreclosure, because such an execution merely effectuates a final judgment of possession. In the present case, however, the execution of ejectment was ordered by a court in the context of proceedings in which the issue of whether title had passed by operation of law remained a contested issue. Given that unique procedural posture, this appeal is properly before us. See *Cathedral Green, Inc.* v. *Hughes*, 174 Conn. App. 608, 610 n.2, 166 A.3d 873 (2017).

[3] The original plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, assigned the subject mortgage to the substitute plaintiff in October, 2021, and the court granted a motion to substitute the substitute plaintiff as the party plaintiff on February 23, 2022.

that the court misconstrued the prior trial court's order terminating the appellate stay; an appellate stay was in effect when the latest law days passed; and, accordingly, title never vested in the substitute plaintiff, and the execution of ejectment was premature and violated his right to due process. For the reasons that follow, we agree with the defendant, reverse the judgment of the court, and remand the case with direction to vacate the execution of ejectment and to set new law days.[4]

The record reveals the following relevant facts and procedural history. The original plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, commenced the present action in October, 2016, to foreclose a mortgage on real property in Winsted that the defendant and other heirs had inherited following the death of Caroline S. O'Brien, who executed the mortgage at issue. The defendant filed an appearance as a self-represented party and an answer and a counterclaim. In December, 2017, the court, *Hon. John W. Pickard*, judge trial referee, granted the original plaintiff's motion for summary judgment as to the counterclaim. Thereafter, on May 20, 2019, following a trial on the foreclosure complaint, the court rendered a judgment of strict foreclosure. The defendant appealed from the judgment of strict foreclosure, and, on March 10, 2020, this court issued a memorandum decision affirming the judgment and remanding the case for the purpose of setting new law days, which had passed during the pendency of the appeal. See *U.S. Bank Trust, N.A.* v. *O'Brien*, 196 Conn. App. 903, 225 A.3d 1250, cert. denied, 335 Conn. 922, 233 A.3d 1090 (2020), cert. denied, U.S. , 141 S. Ct. 1514, 209 L. Ed. 2d 253 (2021).

---

[4] Because we reverse the judgment of the court on this basis, we decline to address the defendant's additional claims that, even if there were an order prospectively terminating all existing and future appellate stays, the court lacked the authority to issue such an order and the order was improper because it was not issued by the judge who initially tried this matter.

As previously noted, in February, 2022, the court granted the original plaintiff's motion to substitute party plaintiff. See footnote 3 of this opinion. The substitute plaintiff then moved for an order modifying the judgment of foreclosure and resetting the law days, which the court, *J. Moore, J.*, granted on April 25, 2022. The court set the law days to commence on June 6, 2022.

On May 6, 2022, the defendant filed a motion asking the court to open the judgment of foreclosure, dismiss the complaint, and extend the law days (motion to open). According to the defendant, both the original and substitute plaintiffs lacked standing to prosecute the foreclosure action, and the mortgage servicers improperly had interfered with the defendant's efforts to modify the mortgage. The substitute plaintiff filed a memorandum in opposition to the motion to open. The court denied the motion to open on June 6, 2022, but stated in its order that it was extending the law days to June 27, 2022, "to provide the [defendant] with the twenty day appellate period . . . ."

The defendant timely filed his second appeal in this matter on June 22, 2022, challenging the denial of his motion to open. That appeal gave rise to an automatic stay that prevented the June 27, 2022 law days from passing.

On June 27, 2022, the substitute plaintiff timely filed a motion to dismiss the second appeal as frivolous. The substitute plaintiff also filed a motion asking the trial court to terminate the existing appellate stay and "any future automatic stays on appeal." The defendant filed a memorandum in opposition to the motion to terminate stay.

On August 1, 2022, following a remote hearing, the court issued an order generically stating that the substitute plaintiff's motion to terminate stay was granted "for the reasons set forth on the record" and that the

signed transcript of its decision shall constitute the court's memorandum of decision on the motion. The transcript reflects that the court did not clearly indicate during the hearing whether it intended to grant the motion only with respect to the then existing appellate stay or also as to any future appeals, stating in relevant part: "So, in balancing the equities, the court reaches the conclusion that [the] due administration [of] justice does require the court to grant the motion to terminate the appellate stay *in this case.*" (Emphasis added.) Neither party asked the court for clarification of its August 1, 2022 order granting the motion to terminate stay or filed a motion for review of that order with this court. See Practice Book §§ 61-14 and 66-6. On September 7, 2022, this court granted the substitute plaintiff's motion and dismissed the defendant's second appeal as frivolous.[5]

Following our dismissal of the second appeal, the substitute plaintiff filed a motion asking the trial court to again reset the law days and to award additional attorney's fees. The trial court, *Roraback, J.*, granted that motion on March 20, 2023, ordering law days to commence on May 1, 2023.

On March 23, 2023, the defendant filed his third appeal in this matter. The substitute plaintiff once again filed a motion to dismiss the appeal, and this court granted the motion and dismissed the appeal as frivolous by order dated April 26, 2023. The defendant filed a petition for certification to appeal with our Supreme Court, which denied certification on September 26, 2023.

---

[5] The defendant did file a motion asking this court to "issue a stay of proceedings in the Superior Court until this appeal has been weighed on the merits." That motion did not address the appropriateness of a prospective termination of the appellate stay in future appeals, presumably because the defendant did not construe the court's order as encompassing future appeals. At the time this court dismissed the second appeal as frivolous, it ordered no action necessary on the defendant's motion for a stay.

On December 26, 2023, the substitute plaintiff filed a motion once again asking the trial court to set new law days. Two days later, however, the substitute plaintiff withdrew that motion, and, on January 3, 2024, it filed an application for an execution of ejectment regarding the subject property.[6] The defendant filed a memorandum in opposition to the proposed execution of ejectment, arguing that the law days that had been set to commence on May 1, 2023, were stayed by the filing of his third appeal and, as a result, passed without legal effect. Consequently, the defendant argued, title to the subject property could not have vested in the substitute plaintiff. On February 8, 2024, the substitute plaintiff filed a memorandum in support of the proposed execution of ejectment, arguing that the trial court, on August 1, 2022, previously had granted the substitute plaintiff's motion for a prospective termination of any future appellate stays. Also on February 8, 2024, the defendant filed a motion to open and vacate the foreclosure judgment.

Judge Roraback conducted a hearing concerning the proposed execution of ejectment on February 9, 2024. After hearing argument from the parties, the court concluded that title to the property had vested in the substitute plaintiff and that the execution of ejectment should issue. On February 14, 2024, the court issued orders denying the defendant's motion to open and vacate the foreclosure judgment and granting the proposed execution of ejectment, stating: "The court orders that the ejectment be stayed until May 1, 2024. No further extensions of the execution of ejectment shall be granted absent extraordinary and unforeseeable circumstances." This appeal followed.[7]

---

[6] The application listed November 6, 2023, as the "[d]ate titled was transferred."

[7] The substitute plaintiff timely moved to dismiss the present appeal as frivolous. It argued that the trial court carried out a ministerial act by issuing an execution of ejectment. The defendant objected to the motion to dismiss, arguing that there is a good faith dispute as to whether title to the property

The defendant claims on appeal that the trial court misconstrued the August 1, 2022 order granting the substitute plaintiff's motion to terminate the appellate stay "in this case" as having terminated prospectively all future appellate stays in this matter. Thus, according to the defendant, and contrary to the conclusion of the court, an appellate stay was in full force and effect when the most recent law days in this matter passed, and, accordingly, title never vested in the substitute plaintiff. We agree with the defendant and, therefore, also agree that the court improperly determined that the execution of ejectment could issue.

We begin by setting forth governing principles of law and our standard of review. "In Connecticut, the passage of the law days in an action for strict foreclosure extinguishes a mortgagor's equitable right of redemption and vests absolute title in the encumbrancer." *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 375, 260 A.3d 1187 (2021). Provided that an automatic appellate stay of execution is in effect; see Practice Book § 61-11; "[l]aw days are ineffective while the appeal period is pending. To conclude otherwise would be tantamount to depriving a party of judicial review and, therefore, of due process of law." *Continental Capital Corp.* v. *Lazarte*, 57 Conn. App. 271, 273–74, 749 A.2d 646 (2000). A trial court's determination of whether an appellate stay was in effect raises a question of law over which we exercise plenary review. See *Quicken Loans, Inc.* v. *Rodriguez*, 227 Conn. App. 806, 817, 324 A.3d 167 (2024), cert. denied, 351 Conn. 905, 330 A.3d 133 (2025).

Moreover, to the extent that our review also requires us to construe the meaning of a prior judgment or order

vested in the substitute plaintiff. This court denied the motion to dismiss and further ordered sua sponte that the trial court's February 14, 2024 orders were automatically stayed pursuant to Practice Book § 61-11 (a).

of the court, this also presents an issue over which our review is plenary. See *Cunningham* v. *Cunningham*, 204 Conn. App. 366, 373, 254 A.3d 330 (2021). "As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) Id.

Having carefully reviewed the transcript of the August 1, 2022 hearing, which the trial court indicated in its order granting the substitute plaintiff's motion to terminate the appellate stay contained the reasoning for that ruling, we conclude that the court's statements during the hearing do not clearly convey whether the court intended to terminate only the appellate stay then in effect or to terminate any and all appellate stays, including those that might arise in the future. At the hearing, the trial court stated only that it had balanced the equities involved and determined that the due administration of justice required it "to grant the motion to terminate the appellate stay *in this case*." (Emphasis added.) The trial court's language, particularly its use of the phrase "in this case," is, at best, ambiguous as to whether the court meant to eliminate only the existing stay or the possibility of a stay in the event of a future appeal. Nothing in the court's discussion during the hearing indicates that it even contemplated whether granting prospective relief from a future stay was necessary or justified under the circumstances.

The termination of any appellate stay can have significant consequences for litigants, but this is particularly true in foreclosure matters in which the effect of lifting

a stay can result in an effectively irreversible divestiture of title to real property. See, e.g., General Statutes § 49-15 (generally limiting court's authority to alter judgment of strict foreclosure after title has become absolute in any encumbrancer). If the law days pass before appellate review of the defendant's claims can occur, the appeal will likely become moot because title has passed irrevocably and an appeals court may not grant the defendant any further relief except in rare circumstances. See *U.S. Bank National Assn.* v. *Rothermel,* supra, 339 Conn. 375. Indeed, the prospective termination of the appellate stay arising in all future appeals is an extraordinary remedy because it necessarily presumes that any challenge to future orders of the court would be meritless despite the lack of present knowledge regarding whether the orders might have any basis in law or fact.

In light of these concerns, if a court concludes that the due administration of justice warrants prospectively terminating any and all future stays, it must do so expressly and with unequivocal language. This requirement will ensure that a defendant is on notice that he must seek further relief from this court to avoid the running of the law days before his appellate claims can be adjudicated. Moreover, it will facilitate our review, if requested, of the court's decision to provide a plaintiff with relief from an appellate stay. See Practice Book § 61-14. Given the equitable nature of foreclosure proceedings, any ambiguity in the court's decision to terminate prospectively appellate stays in future appeals should be resolved in favor of the default rule that an automatic stay of execution arises from the filing of a timely appeal. Because the court did not clearly indicate an intent to grant fully the relief sought by the substitute plaintiff in its motion, we are compelled to conclude that the court's order did not prospectively terminate future automatic appellate stays.

Given that conclusion, it follows that an automatic appellate stay was in effect following the court's March 20, 2023 decision modifying the judgment of strict foreclosure and setting law days to commence on May 1, 2023. See Practice Book § 61-11 (a). The appellate stay continued in effect following the defendant's filing of his third appeal on March 24, 2023; see Practice Book § 61-11 (a); through this court's dismissal of the third appeal as frivolous on April 26, 2023; see Practice Book § 61-11 (a); and until our Supreme Court's September 26, 2023 denial of the defendant's petition for certification to appeal. At that point, the May 1, 2023 law days had passed without legal effect, necessitating the need for the setting of new law days before title to the property could pass to the substitute plaintiff. Because absolute title to the property has not yet vested in the substitute plaintiff, an execution of ejectment was premature, and the court's ruling to the contrary cannot stand.

The judgment is reversed and the case is remanded with direction to vacate the execution of ejectment and to set new law days.

In this opinion the other judges concurred.